Gaston GAAL d/b/a Detergent Services, Appellant,

v.

BASF WYANDOTTE CORPORATION, Appellee.

No. 1348.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 4, 1976.

Gerald P. Burleson, Burleson & Svetlik, Houston, for appellant.

Jesse R. Pierce, James E. Doyle, Foreman, Dyess, Prewett, Rosenberg & Henderson, Houston, for appellee.

CIRE, Justice.

This is an appeal from an order granting a temporary injunction. Appellant Gaston Gaal was employed as a salesman by appellee Wyandotte Corporation for a period of

about ten years ending on October 1, 1975. Appellee is engaged in the business of selling institutional detergents. As a salesman for Wyandotte, appellant's duties included selling his employer's detergents and installing and servicing appellee's detergent dispensing equipment on the customers' dishwashing machines. Appellant entered into an employment agreement with appellee in which he agreed not to "carry any sideline or devote any time or effort to any other business or engage in any business or transactions adverse to the Corporation's interest while employed by the Corporation. . . ."

As stipulated by appellant, he and William R. Dudas, also an employee of appellee and a defendant below, organized a business known as Detergent Services and began to do business under that name in competition with appellee prior to the time their employment by Wyandotte was terminated. During that time appellant sold its competing line of detergents to approximately thirty of appellee's customers and continued to do so and to solicit business from appellee's other customers until temporarily enjoined.

Appellee filed suit in district court asking damages and injunctive relief. The court granted a temporary injunction prohibiting appellants from

(1) using, installing, removing, replacing, transferring, or disposing of any BASF WYANDOTTE Control System Equipment;

(2) contacting or calling on for the purpose of selling detergent products, or selling detergent products to any present customer of Plaintiff whom Defendants called on while employed by Plaintiff; and

(3) contacting or calling on for the purpose of selling detergent products, or selling detergent products to any former customers of Plaintiff which have purchased any products of Plaintiff's since January 1, 1975, and which were contacted or solicited by Defendants while employed by Plaintiff.

Appellant asserts that the trial court abused its discretion in granting the temporary injunction because appellee has an adequate remedy at law—i. e., damages—and because appellant is no longer employed by appellee and therefore is no longer subject to the restrictions contained in his employment contract.

It is undisputed that this case does not involve the improper use of trade secrets or the violation of a covenant not to compete. Appellee seeks relief on the basis of appellant's breach of his employment contract, breach of his fiduciary duty, and unfair competition. Appellant stipulated that he committed the acts alleged; the only question presented here is whether a temporary injunction is proper in this situation.

A temporary injunction may be granted only to preserve the status quo pending final trial on the merits. The applicant must show a probable right and a probable injury to that right if respondent is allowed to continue the action complained of.

The record clearly shows that appellee had a contractual and common law right to require appellant to act in good faith towards its customers during appellant's term of employment. The record also shows that appellant breached this duty by soliciting and capturing business from approximately thirty of appellee's customers while still employed by appellee, and that appellant continues to do business with these customers, thus harming appellee's business. Appellant is not entitled to benefit from such unlawful and disloyal conduct and the issuance of a temporary injunction, pending trial on the merits, preventing appellant from doing business with those customers he wrongfully obtained was justified and proper. *See Research Equipment Co., Inc. v. Galloway & Scientific Cages, Inc.*, 485 S.W.2d 953, 956 (Tex.Civ.App.—Waco 1972, no writ).

Appellee has failed, however, to show it has any probable right to prevent appellant from soliciting business from its customers other than those wrongfully obtained during appellant's employment with Wyandotte. Appellant has a constitutional right, after resigning from his employment, to go into business in competition with his former employer. *Ledel v. Bill Hames Shows, Inc.*, 367 S.W.2d 182, 184 (Tex.Civ.App.—Fort Worth 1963, no writ). Where the former employer's customer lists are not trade secrets and are readily ascertainable from sources other than the employer's records, the former employee may legitimately compete with his former employer for those customers. *Research Equipment Co.*, at 956; *SCM Corporation v. Triplett Co.*, 399 S.W.2d 583 (Tex.Civ.App. —San Antonio 1966, no writ). On termination of appellant's employment, appellee lost its right to prevent appellant from competing for Wyandotte's customers and therefore has no current right which could be protected by a temporary injunction.

The temporary injunction also prevents appellant from interfering with any of appellee's equipment. This equipment is loaned by appellee to its customers under an agreement between appellee and the customer entitled "ConTrol Equipment Loan Agreement." The agreement provides that appellee may remove the equipment from the customer's premises if the customer discontinues the use of Wyandotte's products. Additionally, Mr. Robert Ferris, appellee's salesmanager, testified that it is normal procedure in the trade that when a salesman convinces a competitor's customer to change detergent brands, he removes the competitor's equipment from the customer's machine and installs his own. In view of this testimony and the rights of appellee and of its customers to remove appellee's equipment at any time, appellee has failed to demonstrate a probable right or probable injury which would justify preventing appellant from removing or replacing appellee's equipment from the premises of any of appellee's customers, except those solicited away before appellant's employment was terminated.

The temporary injunction is modified to enjoin appellant Gaston Gaal d/b/a Detergent Services from

(1) contacting or calling on for the purposes of selling detergent products, or selling detergent products to any former customer of BASF Wyandotte Corporation whose account appellant obtained for his own competing business prior to October 1, 1975; and

(2) using, installing, or removing, replacing, transferring, or disposing of any BASF Wyandotte Control System Equipment from the premises of any former customer of BASF Wyandotte Corporation whose account appellant obtained for his own competing business prior to October 1, 1975.

As so modified the judgment of the trial court is affirmed.