**Joe MEJERLE and Rick Taylor,
Appellants,**

**v.**

**BROOKHOLLOW OFFICE PRODUCTS,
INC., Appellee.**

**No. 05–83–00493–CV.**

Court of Appeals of Texas,
Dallas.

Dec. 14, 1983.

R. Keith Walker, Dallas, for appellants.

Warren C. Lyon, Dallas, for appellee.

Before STOREY, VANCE and SHUMPERT, JJ.

SHUMPERT, Justice.

This is an appeal from an order granting a temporary injunction. Appellants Mejerle and Taylor contend the trial court abused its discretion in granting the temporary injunction. We agree and order the injunction dissolved.

Mejerle and Taylor were employed as sales representatives of Brookhollow Office Products, Inc., until January 20, 1983. During their tenure at Brookhollow, the two occasionally ordered office supplies from non-Brookhollow sources for Brookhollow customers, keeping the profits or commissions for themselves. Mejerle and Taylor allege that those sales could not be made by Brookhollow due to its pricing and discount practices. Consequently, if the sales were not made using other sources, the customers would take all of their business elsewhere.

No restrictive or non-competition covenants existed between the parties prohibiting Mejerle and Taylor from doing business with Brookhollow's customers after their employment with Brookhollow ceased. When their employment with Brookhollow was terminated on January 20, 1983, Mejerle and Taylor began doing business as Omega Office Products. Thirteen of their customers (thrifty thirteen) were entities to which sales of non-Brookhollow products were made during their employment at Brookhollow. Brookhollow filed suit against Mejerle and Taylor seeking damages, and temporary and permanent injunctions prohibiting Mejerle and Taylor from doing business with those thirteen customers. The temporary injunction was granted.

◼ The grant or refusal of an injunction is ordinarily within the sound discretion of the trial judge, and on appeal, the review of the trial court's action is limited to the question of whether the action con-stituted a clear abuse of discretion. *Texas Foundries v. International Moulders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460, 462 (1952); *Janus Films Inc. v. City of Fort Worth,* 163 Tex. 616, 358 S.W.2d 589 (1962). To be entitled to a temporary injunction, a party must plead a cause of action and offer evidence tending to prove a probable right to the relief he seeks and probable injury in the interim, before trial on the merits, if the injunction is not granted. *Sun Oil Co. v. Whitaker,* 424 S.W.2d 216, 218 (Tex.1968); *Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549, 553 (1953). It is not required that the trial court explain its reasons for believing that the applicant has shown a probable right to final relief, but it is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered. *State v. Cook United, Inc.,* 464 S.W.2d 105, 106 (Tex.1971).

◼ We find no evidence of a probable right to relief and a probable injury in the interim to support a temporary injunction. Brookhollow's ultimate remedy in this cause is its suit for damages. It has demonstrated that probable right to relief. It has not, however, demonstrated probable injury in the interim. The statement in the trial court's order that, if the temporary injunction is not issued, "plaintiff will be without any adequate remedy at law in that the measure of damage due to loss of business and goodwill would be incapable of ascertainment and exceed the combined financial worth of defendants" is insufficient reason to issue a temporary injunction because it does not show probable injury in the interim. Regardless of what transpires in the time frame before trial on the merits, Brookhollow's suit for damages against Mejerle and Taylor for what has already occurred, and its ability to obtain a judgment against them, will not be affected.

◼ With respect to its claim for a permanent injunction, Brookhollow has not offered any evidence tending to show a probable right to be protected in the future by

such relief. There are no restrictive or non-competition covenants prohibiting Mejerle and Taylor from dealing with Brookhollow's customers after their employment with Brookhollow ceased. The thrifty thirteen cannot be forced to do business with Brookhollow, nor can Mejerle and Taylor force the thirteen to do business with them. The thirteen may do business with either or neither. Brookhollow's remedy is its suit for damages and it has cited no authority to suggest it is entitled to any other relief. Because probable right and probable injury have not been shown, we hold that the trial court has abused its discretion by enjoining Mejerle and Taylor.

Brookhollow cites *Gaal v. BASF Wyandotte Corp.*, 533 S.W.2d 152 (Tex.Civ. App.—Houston [14th Dist.] 1976, no writ), in which the court upheld a temporary injunction on similar facts, as authority for upholding the temporary injunction here. We disagree with that court, because there, probable injury was not adequately shown, and we believe that the temporary injunction was purely punitive. To enjoin Mejerle and Taylor from doing business with the thrifty thirteen would be similarly punitive, and punishment is not a permissible reason for issuing a temporary injunction. We decline, therefore, to follow *Gaal.*

Finally, as we have observed in *Charter Medical Corporation v. Miller,* 547 S.W.2d 77 (Tex.Civ.App.—Dallas 1977, no writ); *Crawford Energy, Inc. v. Texas Industries, Inc.,* 541 S.W.2d 463, 468 (Tex. Civ.App.—Dallas 1976, no writ); and *Town Plaza Fabrics v. Monumental Properties of Texas, Inc.* 544 S.W.2d 775, 776 (Tex.Civ. App.—Dallas 1976, no writ), this appeal, like many other temporary injunction appeals, appears to be entirely unnecessary. The trial judge, after granting the temporary injunction, should have given the case a preferred setting for an early trial on the merits so that the substantial questions involved in this litigation could be finally and expeditiously decided. *Texas Foundries, Inc.,* 248 S.W.2d at 464. We see no reason why the case could not have been prosecuted to final judgment in less time

than that required by this interlocutory appeal, which decides nothing except whether the status quo should be preserved pending trial on the merits. The most expeditious way of obviating the hardship of an unfavorable preliminary order is to try the case and thus secure a hearing in which both facts and law may be fully developed, enabling both trial and appellate courts to render a final judgment disposing of the controversy. *Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417, 422 (1959).

The judgment of the trial court is reversed and the temporary injunction dissolved.