Jeffrey **BORMASTER**, Appellant,

v.

**LAKE TRAVIS INDEPENDENT SCHOOL DISTRICT, et al.,** Appellees.

No. 14190.

Court of Appeals of Texas, Austin.

March 28, 1984.

Leonard J. Schwartz, Schwartz, Waterman, Fickman & Vanos, Austin, for appellant.

William T. Hall, Sal Levatino, Austin, for appellees.

Before SHANNON, EARL W. SMITH and GAMMAGE, JJ.

SHANNON, Justice.

This is an appeal from an order of the district court of Travis County denying Jeffrey Bormaster's application for a temporary injunction. Bormaster's application stemmed from his receipt of notice of proposed nonrenewal of his teaching contract from the board of trustees of Lake Travis Independent School District. This Court will affirm the district court's order.

After the district court's denial of the application for temporary injunction, Bormaster filed an original proceeding in this Court, Cause No. 14,189, requesting an injunction prohibiting the board of trustees from taking further action which might impinge upon this Court's jurisdiction to hear and determine his appeal from the district court's order of denial of injunctive relief. Tex.Rev.Civ.Stat.Ann. art. 1823 (1964). On March 19, 1984, this Court, after oral argument, signed an order, in Cause No. 14,189 enjoining appellees from taking any further action to discharge or "nonrenew" Bormaster and to stay the running of any time limits for his requesting a hearing before the board of trustees, all pending the determination by this Court of the appeal.

In view of the need for dispatch, this Court pursuant to request of all parties ordered an accelerated briefing schedule in this appeal, Cause Number 14,190, and further ordered that the cause be submitted on briefs.

Bormaster serves as principal of the middle school and the high school of appellee school district. On February 17, 1984, the school board president sent Bormaster a letter informing him that the school superintendent recommended that his contract as principal not be renewed. The letter provided further that:

Without waiving any rights Lake Travis I.S.D. possesses under your contract as probationary, and expressing, reserving and retaining any such rights under the probationary status of your employment contract, and in the alternative, this notice is given pursuant to the provisions of Section 21.204 of the Texas Education Code, as amended in 1981.

\* \* \* \* \* \*

If you desire a hearing, within ten days after receiving this written notice, you must notify the Board of Trustees in writing of that request. The Board shall provide a hearing to be held within fifteen days after receiving your notice requesting a hearing. Such hearing shall be closed unless you request an open hearing. If you fail to make a timely request for a hearing, the Board may proceed and make a determination upon the Superintendent's recommendation within fifteen days of the expiration of your ten-day period for requesting a hearing.

In his suit in district court, Bormaster claimed that the Board's notice of nonrenewal was defective. He pleaded further that on March 2, 1984, he filed a notice of appeal with the Commissioner of Education in which he "intends to complain of the illegal 'notice' and the violation of his procedural rights to the State Commissioner."

Bormaster alleged further that in two recent administrative orders of the Commissioner of Education, the Commissioner had ruled that if a teacher requests a hearing before a board of trustees, he waives his right to complain of the deficiencies in the board's notice and cannot thereafter rely upon such defective notice in his appeal to the Commissioner. Bormaster pleaded that the right to receive a legally sufficient notice is a valuable right since, if the notice of proposal of nonrenewal is not in compliance with the Texas Education Code, "the board of trustees shall thereby elect to employ such employee in the same professional capacity for the succeeding school year."

Finally Bormaster alleged that he had a "probable right to relief" and that he would be

irreparably injured if [the district court] does not stay all further proceedings before the Board of Trustees pending a determination of [his] appeal to the State Commissioner of Education, and enjoin the Board of Trustees from refusing to accept a request for a hearing on or before 10 days after a final determination by the State Board of Education and, if a request is necessary after appeal to the State Board and is filed, from refusing to provide a hearing in compliance with the [Texas Education Code].

■■■ In a hearing on an application for a temporary injunction, the only question before the trial court is the right of the applicant to the preservation of the *status quo* of the subject matter of the suit, pending a final trial on the merits. To warrant the issuance of a temporary injunction, the applicant need only show a probable right to recover and a probable injury; he is not required to establish that he will finally prevail in the litigation. Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ of injunction, and its order will be reversed only on a showing of a clear abuse of discretion. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978); *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953). If the applicant fails to establish probable right or probable injury, obviously it is not an abuse of discretion for the trial court to deny the application for temporary injunction.

Bormaster relies upon Tex.Educ.Code Ann. § 21.201 *et seq* (Supp.1982). These provisions of the Code concern employment contracts of teachers, and are sometimes referred to as "The Term Contract Nonrenewal Act." In general, the act provides that the board of trustees of a school shall provide by written policy for periodic written evaluation of teachers. § 21.202. If the board fails to give such notice, then it is deemed that the board has renewed the teacher's contract for the succeeding school year in the same professional capacity. § 21.204(b).

If the teacher desires a hearing, he must notify the board in writing within ten days after receipt of the notice of nonrenewal. § 21.205. If the teacher is aggrieved by the decision of the board, he may appeal to the Commissioner of Education. § 21.207.

The board of trustees may provide in writing for a probationary period not to exceed the first two years of continuous employment in the school district in which case the provisions of the act are inapplicable during such probationary period. § 21.209.

The evidence at the hearing on the application for temporary injunction may be summarized as follows: Bormaster testified that he was principal of middle school and high school of Lake Travis Independent School District. He received the notice of nonrenewal from the board of trustees on February 21, 1984. He obtained counsel, and upon advice of counsel, immediately filed notice of appeal to the Commissioner of Education.

Frank Jennings, superintendent of Lake Travis Independent School District testified that Bormaster was a probationary employee of the school district. Further, the parties conceded before this Court in oral argument in the original proceeding that such was Bormaster's status.

As this Court understands, Bormaster's argument of probable right and probable injury is premised upon his thesis that two recent orders of the Commissioner of Education hold, in the effect, that if a teacher seeks and obtains a hearing before a board of trustees, he then waives any complaint that he may have concerning an inadequacy in the notice of nonrenewal given by the board.

To avoid waiver of the notice defects Bormaster views it as necessary to obtain injunctive relief from the district court pending his appeal to the Commissioner of Education. Accordingly, Bormaster claims that the district court, after hearing, was duty-bound to enjoin further proceedings of the board pending his appeal to the Commissioner and to enjoin the board from refusing to accept a request for a hearing on or before ten days after a final determination by the State Board of Education.

■ Bormaster's argument mistakenly assumes that the Commissioner's ruling concerning waiver of complaints of faulty notice is final and authoritative. Neither trial courts nor appellate courts are bound by agency rulings. *Social Security Board v. Nierotko*, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718 (1946); *Teacher Retirement System of Texas v. Cottrell*, 583 S.W.2d 928 (Tex.Civ.App.1979, writ ref'd n.r.e.).

The Commissioner's rulings on waiver are, of course, not immune from judicial review. In fact, Bormaster's counsel concedes in the statement of facts that the two rulings of the Commissioner which are the basis for his concern are the subject of two administrative appeals presently pending in the district court of Travis County.

■ Another obstacle to Bormaster's showing of probable right to recover is that the evidence in this limited record shows that he is most probably a "probationary employee" of the school district. The Term Contract Nonrenewal Act is not applicable to probationary employees. § 21.209. Accordingly, Bormaster has probably not shown that he is entitled to complain of any alleged defective notice. § 21.204(b).

■ With the foregoing rules of appellate review in mind, this Court has concluded that Bormaster's pleading and evidence failed to present a case of probable right and probable injury and, accordingly, has concluded that the district court did not abuse its discretion in denying the application for temporary injunction.

The order of the district court is affirmed.

The injunctive order entered by this Court on March 19, 1984, in the original proceeding, Cause No. 14,189, is in all things dissolved.