**Gary GROUNDS, Appellant,**

v.

**TOLAR INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 2–85–006–CV.**

Court of Appeals of Texas, Fort Worth.

July 24, 1985.

Brim, Tingley & Arnett, Jefferson K. Brim, III, Austin, for appellant.

Charles O. Dobbs, Fort Worth, for appellee.

Before BURDOCK, HILL and HOPKINS, JJ.

## OPINION

HOPKINS, Justice.

This appeal is brought from a declaratory judgment finding that appellant, Grounds, was a probationary employee in the Tolar Independent School District under TEX.EDUC.CODE ANN. sec. 21.209 (Vernon Supp.1985), and that as such he was not entitled to notice and a hearing prior to non-renewal of his contract. The judgment also found that Grounds, who previously served as head football and track coach, was subject to being reassigned to non-coaching duties.

We affirm.

In 1982, Grounds was hired by the Tolar Independent School District, hereinafter referred to as "the district", under a one-year *term* contract for the 1982–83 school year. The contract defined his position as "Teacher", in pre-printed terms. At the end of the 1982–83 school year, he was given a new contract for the 1983–84 school year which defined his position, in typed-in terms, as "Teacher/Coach Football (Head football coach)." The new contract also contained a pre-printed clause which stated "[e]mployee is subject to assignment and reassignment at any time during the contract term."

It is undisputed that these were *term* contracts under TEX.EDUC.CODE ANN. sec. 23.28 (Vernon Supp.1985) and that the district has never adopted a continuing contract (tenure) policy under TEX.EDUC. CODE ANN. Chapter 13, Subchapter C (Vernon 1972). It is also undisputed that all term contracts in this state are governed by the Term Contract Nonrenewal Act (TCNA), TEX.EDUC.CODE ANN. secs. 21.201 through 21.211 (Vernon Supp. 1985). The TCNA provides for periodic teacher evaluations (21.202) and provides that a school board must give written notice on or before April 1st of their intention not to renew a teacher's contract for the following year (21.204(a)). The notice must contain a list of reasons for proposed nonrenewal (21.204(c)), and failure to give such notice obligates the school board to employ

the teacher for an additional year in the same professional capacity (21.204(b)). If the teacher makes a written request within ten days of such notice for a hearing to contest the reasons for non-renewal, the school board must provide a hearing within fifteen days of the request (21.205). However, the TCNA provides that school districts may adopt a written policy of probation whereby any teacher in the first two years of employment with a school district is not entitled to the procedural rights of the TCNA (21.209).

On November 17, 1983, halfway through Grounds' second year of employment with the district, the district adopted the following policy:

As stated on line three of the teacher evaluation form all certified teachers who have been employed less than two years with Tolar ISD will be evaluated two times per year.

This becomes necessary due to section 21.209 (page 158) of the Texas Education Code. Our teacher evaluation policy will serve as our written policy for probation as stated in section 21.209.

Pursuant to this policy, Grounds was evaluated in February, 1984 and he placed his initials at the bottom of the teacher evaluation form.

On February 28, 1984, the district notified Grounds that his contract would not be renewed for the 1984–85 school year. On March 5, 1984, he requested a hearing and a list of reasons. The district denied Grounds a hearing for the reason that they believed he was a probationary employee and, therefore, not entitled to one. Grounds appealed the decision to the State Commissioner of Education who reversed the district's decision on the basis that Grounds was not a probationary employee because he had been hired prior to the adoption by the district of a probationary policy. Neither party appealed the Commissioner's decision to a Travis County district court under TEX.EDUC.CODE ANN. secs. 11.13(c) or 21.207(b) (Vernon Supp. 1985). Instead, the district filed an original action in the 266th District Court of Hood County, seeking a declaratory judgment of the rights of the parties under TEX.REV. CIV.STAT.ANN. art. 2524–1 (Vernon 1965).

Before the case came to trial, the district offered Grounds a new contract for the 1984–85 school year, but without coaching duties and without the $3,500 per year supplement he had previously enjoyed as head coach. The proposed contract defined his position simply as "Teacher". Grounds refused this contract and asserted that he was entitled to a contract in the same professional capacity in which he was previously employed. The district asserted that this refusal constituted a voluntary relinquishment of his rights.

The case was tried to the court on August 27, 1984. On October 8, 1984, the court rendered judgment in favor of the district. On December 10, 1984, the court filed findings of fact and conclusions of law which found, among other things, that Grounds was a probationary employee at the time of his non-renewal, that he had consented to probationary status as evidenced by his initials on the teacher evaluation form, and that the district was under no legal obligation to provide Grounds with a hearing before the school board prior to non-renewal. The trial court also found that Grounds' 1983–84 contract reserved to the district a right of reassignment.

Grounds' first point of error asserts that the trial court erred in rendering a declaratory judgment on issues related to the non-renewal of his contract because the bringing of the action constituted a collateral attack on the decision of the State Commissioner of Education. Grounds contends that appeal from the Commissioner's decision can be made only to a Travis County district court under TEX.EDUC.CODE ANN. secs. 11.13(c) or 21.207(b). We disagree.

 It is well settled that in all matters involving administration of school law a party need not exhaust administrative remedies where pure questions of law are involved. *Calvin V. Koltermann v. Underream Piling Co.*, 563 S.W.2d 950, 955

(Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.). An administrative determination of a question of law is not entitled to a presumption of validity and trial and appellate courts are not bound thereby. *Bormaster v. Lake Travis Ind. School Dist.*, 668 S.W.2d 491, 494 (Tex.App.—Austin 1984, no writ); *Teacher Retirement System of Texas v. Cottrell*, 583 S.W.2d 928, 930 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.).

■ The Commissioner of Education does not exercise judicial power to determine the legality of contracts or the legal rights of parties thereto. *Board of Tr. of Crystal City Ind. Sch. Dist. v. Briggs*, 486 S.W.2d 829, 835 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). We believe that whether a school district is entitled to reassign an employee and whether a probationary policy can be applied retroactively are questions of law. *See id.* We hold that the trial court did not err in deciding the issues related to the non-renewal of Grounds' contract. Grounds' first point of error is overruled.

Grounds' second, third and fourth points of error raise two issues: (1) whether Grounds was subject to the district's probationary policy and thereby not entitled to the procedural rights of the TCNA; and (2) whether the district was entitled to reassign Grounds to non-coaching duties, regardless of his status as a probationary or non-probationary employee. We disagree with the trial court in its finding that Grounds was a probationary employee, but we believe that Grounds was subject to reassignment by the district to non-coaching duties.

The statute allowing school districts to adopt probationary policies, TEX.EDUC. CODE ANN. sec. 21.209 (Vernon Supp. 1985), reads as follows:

The board of trustees of any school district may provide by written policy for a probationary period not to exceed the first two years of continuous employment in the district, in which case the provisions of this subchapter [the TCNA] shall not apply during such probationary period.

*Id.*

This statute was in existence at the time Grounds signed his second one-year term contract, but the district did not take advantage of the statute by adopting a written policy of probation until Grounds was well into his second year of employment.

■ It is established that parties to a contract are presumed to know the law which exists at the time of the making of the contract, and that that same law becomes part of the contract, regardless of subsequent changes. *Hardware Dealers Mut. Insurance Co. v. Berglund*, 393 S.W.2d 309, 315 (Tex.1965); *Estate of Griffin v. Sumner*, 604 S.W.2d 221, 230 (Tex. Civ.App.—San Antonio 1980, writ ref'd n.r. e.). We believe that it makes no difference that the subsequent change in this case was made by a school district rather than by the legislature. The policy of the law is to give certainty to the law so that parties to a contract may know the obligations to which they bind themselves.

Further, we disagree with the trial court in finding that Grounds consented to probationary status by placing his initials at the bottom of the teacher evaluation form. Initialing the form was an acknowledgement of the evaluation, not an acceptance of probationary status. Therefore, we hold that the trial court erred in holding that Grounds was a probationary employee under sec. 21.209 and that he was not entitled to the procedural rights of the TCNA.

■ The result of our holding is that Grounds was entitled to written notice of his non-renewal stating the reasons therefor and to a hearing. The notice sent to Grounds stated no reasons for non-renewal, and Grounds was denied a hearing. Under sec. 21.204(b), failure to include reasons in the notice of non-renewal obligated the district to employ Grounds in the *same professional capacity* for an additional year. The district offered Grounds a contract for an additional year, but without coaching duties and without his $3,500 local supple-

ment. Thus, we are faced with the question of whether a teacher and a coach are within the "same professional capacity". If so, then the district was entitled to reassign Grounds to non-coaching duties, and by refusing the new contract with reassignment, Grounds voluntarily ended his employment with the district.

The contract itself is ambiguous as to Grounds' professional capacity. His position is defined as "Teacher/Coach Football (Head football coach)", but the contract expressly reserves to the district a right of reassignment. The only two statutes in the Education Code which appear to classify professional capacities are sec. 21.201(1) (Vernon Supp.1985) which defines "Teacher" as "a superintendent, principal, supervisor, classroom teacher, counselor, or other full-time professional employee, except paraprofessional personnel, who is required to hold a valid certificate or teaching permit", and sec. 16.056 (Vernon Supp.1985) which authorizes school districts to use certain professional positions for purposes of determining state base pay. Neither statute creates a separate classification for coaches.

In *Board of Tr. of Crystal City Ind. Sch. Dist. v. Briggs*, it was held that a school superintendent was not subject to reassignment as a classroom teacher because there is "a vast difference in the position of superintendent of a district answerable only to the Board of Trustees and that of a teacher in the schools." *Briggs*, 486 S.W.2d at 835. The *Briggs* case was decided based on TEX.EDUC.CODE ANN. sec. 16.07 which, prior to its repeal, created a separate classification for superintendents.

We believe the statutes indicate that coaches are hired as teachers and may be assigned to other teaching duties at the discretion of the school district unless the coach's contract specifically limits the duties to which he may be assigned. Therefore, we hold that the trial court did not err in finding that Grounds was subject to reassignment and that he voluntarily ended his employment with the district by rejecting the new contract with reassignment.

Grounds' second, third, and fourth points of error are overruled.

Affirmed.