**TEXAS STATE BOARD OF EDUCATION, et al.,**
**Appellants,**

**v.**

**Freeman E. GUFFY, Appellee.**

No. 05–86–00350–CV.

Court of Appeals of Texas, Dallas.

Aug. 7, 1986.

Jim Mattox, Mary F. Keller, J. Patrick Wiseman, Leslie McCollom, Dallas, for appellants.

William Allen Rice, Dallas, for appellee.

Before VANCE, HOWELL and McCRAW, JJ.

HOWELL, Justice.

The State of Texas, the State Board of Education, its Commissioner, and the Texas Education Agency appeal from a temporary injunction issued on behalf of Freeman Guffy. We hold that the plaintiff did not show that, without a temporary injunction, he would suffer irreparable harm *pendente lite*. Accordingly, the temporary injunction is dissolved.

Freeman Guffy teaches auto mechanics in the Dallas Independent School District. In 1984, the Legislature enacted section 13.047 of the Education Code requiring public school teachers and administrators to pass an examination. Secondary school teachers are to be examined in their subject areas as well as on their ability to read and write sufficiently well to perform their duties as professional teachers. Those failing to take the examination before June 30, 1986, and those failing to pass it, are subject to release at the end of the school year. TEX.EDUC.CODE ANN. § 13.110 (Vernon Supp.1986). *See also* TEX.EDUC.CODE ANN. § 21.203(b) (Vernon Supp.1986).

Guffy sought an injunction prohibiting the enforcement of the testing procedure and a declaration that the testing law is invalid. In his petition, Guffy alleged that the act violates the Texas and United States Constitutions.

Guffy sought not only a permanent injunction but also a temporary injunction. The sole purpose of a temporary injunction is to preserve the status quo pending a trial on the merits. In order to obtain a temporary injunction, the applicant must not only show a probability that he will prevail when a complete trial occurs, he must also present a sufficient showing of irreparable injury to justify the court in going outside the usual processes of the law under which the court hears all of the law and all of the evidence before, not after, it reaches a decision.

At the conclusion of a brief hearing held upon short notice, the trial court granted a temporary injunction and stated that the act itself was constitutional but that the proposed examination failed to meet the statutory requirements of section 13.047 because it tested only for literacy skills and not in Guffy's subject area.[1]

Inasmuch as the trial court's findings were not based upon a plenary trial and were only appended to a temporary injunction order, the court's findings are likewise temporary. They were only to be effective until the case is finally tried, at which time they would be subject to reconsideration and revision in their entirety.

The State has appealed asking us to rule that the trial court's findings are contrary to the law. We see no need to do so. Even if the findings be entirely correct, the trial court erred in entering them and they must be set aside.

■ We hold that the trial court abused its discretion in granting the injunction. A party seeking a temporary injunction is burdened to plead and prove both a probable right to recover and a probable injury. *Bormaster v. Lake Travis Independent School District*, 668 S.W.2d 491, 493 (Tex. App.—Austin 1984, no writ). As a prerequisite to a temporary injunction, probable right and probable injury must be established by competent evidence adduced at a hearing. *Millwrights Local Union No. 2484 v. Rust Engineering Co.*, 433 S.W.2d 683, 687 (Tex.1968). Evidence that, without a temporary injunction, the applicant will suffer irreparable injury is indispensible. *Mejerle v. Brookhollow Office Products, Inc.*, 666 S.W.2d 192, 193 (Tex.App.— Dallas 1983, no writ).

1. The State alleges that the trial court lacked jurisdiction to enter an injunction based on this rationale because it purports to adjudicates the validity of an administrative agency action and that the Administrative Procedure Act places exclusive jurisdiction of such claims is the district courts of Travis County. *See* Article 6252– 13a, section 12 (Vernon Supp.1986). The State concedes that the trial court had jurisdiction over the original constitutional claim. Because we find that the trial court abused its discretion in granting the injunction under *any* legal theory, we need not reach the issue of whether the trial court had jurisdiction to base its order on the specific legal grounds it employed.

**50**

During the hearing on the temporary injunction, Guffy neither testified nor brought forth evidence from any source whatsoever that he would probably suffer harm from the testing requirement. In particular, he failed to show why he could not avoid any injury pending a final trial of his case simply by taking the test. Had he failed the test and had he anticipated immediate termination, he might have presented a case for a temporary injunction. However, his evidence fails to even show a substantial prospect that he will fail. A temporary injunction excusing him from even taking the test should not have been granted. Although he alleged harm in his verified petition, such allegations do not constitute adequate evidence to support an injunction. *Millwrights*, 433 S.W.2d at 687.

The trial court had nothing before it from which it could conclude that a temporary injunction was necessary to prevent irreparable injury. The court was not free to base its injunction on speculative or conjectural harm. *Otten v. Town of China Grove*, 660 S.W.2d 565 (Tex.App.—San Antonio 1983, no writ). "Writs of injunction should not issue on mere surmise." *Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517, 519 (1961).

We emphasize that our opinion in no way purports to decide the merits of the underlying claim. We merely hold that a temporary injunction must have some factual basis in the record showing an irreparable injury and that the evidence before us discloses none.

The writ of temporary injunction is dissolved.