**SHEARER'S INCORPORATED, Appellant,**

v.

**Robert D. LYALL, Individually and D/B/A Lyall Bros., Lyall Brothers, Lyall Brothers Used Cars and Lyall Brothers Wrecker Service, Appellees.**

**No. B14–85–968–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 7, 1986.

L.T. Bradt, David R. Lee, Houston, for appellant.

Jon C. Pfennig, Baytown, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

Appellant sought actual and punitive damages for a trespass admittedly committed by appellees. In the course of the trespass, appellees bulldozed and removed from appellant's property five pine trees and five oak trees. The trial court found appellees guilty of the trespass and awarded appellant $2,250.00 in actual damages and $750.00 in punitive damages. Appellant takes exception to the judgment of the trial court and appeals. We reverse and remand for a redetermination of the damages.

Appellant owns a small, triangular tract of land which abuts the service road of Interstate 10. The land contains 0.0584 acres and is north of the property leased by appellees for use as an automobile salvage yard. On or about May 16, 1984, appellees entered upon appellant's property and bulldozed ten trees. Shortly thereafter, appellant filed suit, seeking actual and punitive damages for the trespass as well as permanent injunctive relief. The trial was before the court without a jury. The court heard evidence from appellant's witness, James F. Lee, who testified that the replacement value for five pine trees over twelve inches in diameter was $8,000.00 per tree. He further stated that the replacement value for five oak trees over twelve inches in diameter was $6,500.00 per tree. Mr. Lee did not view the particular trees on appellant's property; rather, he deduced the size and character of the trees by looking at and appraising "similar" oaks and pines on land surrounding appellant's property. Although a picture of the property in question depicting the tract prior to the removal of the trees was introduced into evidence, Mr. Lee did not testify as to the size and value of the trees based on this photograph. Moreover, the photograph has not been made a part of the record on appeal. Further, appellee Robert Lyall was deposed prior to trial. His deposition has not been made a part of this record, and he did not testify at the trial. Mr. Lee was the only witness called to testify regarding the value of the trees.

After hearing the evidence and receiving trial briefs from the parties, the court entered judgment in favor of appellant, finding actual damages in the amount of $2,250.00 and punitive damages in the amount of $750.00. Appellant requested findings of fact and conclusions of law. The trial court complied with the request and found as fact that appellant owned the 0.0584–acre tract, that appellees intentionally and without permission entered upon the property and removed the trees, that the market value of the land was not reduced by the destruction of the trees, that the trees removed by appellees were ornamental or shade trees and had no value when removed from the land, and that appellant placed little intrinsic value on the trees removed.

The judge further made conclusions of law that removal of the trees by appellees was intentional and constituted a trespass, that the measure of damages for the wrongful destruction of the trees is the intrinsic value of the trees removed, that appellant was entitled to actual and punitive damages in the amounts previously stated, and that appellant was not entitled to injunctive relief.

Appellant argues that the court erred in (1) "apparently" using an incorrect measure of damages to determine the amount awarded, (2) that it abused its discretion in assessing damages in an insufficient and "paltry" amount, and (3) that it erred in refusing appellant's application for a permanent injunction.

■ Appellant's first point of error is without merit in light of the trial court's Conclusion of Law No. 2, which reads as follows:

The proper measure of damages for the wrongful destruction of ornamental or shade trees, which removal did not decrease the value of the land, is the intrinsic value of the trees removed.

The supreme court in *Porras v. Craig*, 675 S.W.2d 503 (Tex.1984), specifically approved this measure of damages. The court stated that "[i]f a defendant's cutting down shade or ornamental trees does not reduce the market value of the property, courts are authorized to award damages for the intrinsic value of the trees." In this case, there was testimony that the value of the land was not reduced by the destruction of the trees and may well have been increased. Since the trial court correctly stated the proper measure of damages in its conclusion of law, appellant's first point of error is overruled.

Appellant complains in its third point of error that the trial court erred in not awarding a permanent injunction against appellees. To be entitled to injunctive relief, appellant must show irreparable injury. *Line Enterprises v. Hooks & Matteson Enterprises*, 659 S.W.2d 113 (Tex.App.—Amarillo 1983, no writ). Whether the harm is irreparable is generally a fact question. *Id.* at 118. The granting or refusal of an injunction is within the trial court's discretion, and appellate review is limited to a determination of a clear abuse of that discretion. *C P & Associates v. Pickett*, 697 S.W.2d 828 (Tex.App.—Corpus Christi 1985, no writ); *Mejerle v. Brookhollow Office Products*, 666 S.W.2d 192 (Tex. App.—Dallas 1983, no writ).

■ Appellant has failed to show that it will be irreparably harmed if an injunction is not granted. Appellant argues that the existence of a fence running across the southeast corner of its property is some indication that an injunction is necessary. However, appellant has failed to show that appellees were responsible for erecting the fence. Furthermore, the existence of the fence was a disputed issue at trial, with appellant presenting testimony that it existed and appellees presenting testimony that it did not. Having failed to show irreparable injury, appellant was not entitled to injunctive relief. Therefore, the trial court did not abuse its discretion, and appellant's third point of error is overruled.

■ In point of error two appellant argues that the trial court abused its discretion in assessing damages in the amounts awarded because they were not supported by the evidence. We believe appellant's argument is well-taken and sustain this point of error. Generally, the amount of damages to be assessed is left to the sound discretion of the jury, which is given wide latitude in its determination. Likewise, in a case tried before the court without a jury, the assessment of damages is left to the sound discretion of the trial judge. *Evans v. Rush*, 254 S.W.2d 799 (Tex.Civ.App.—Amarillo 1952, no writ). The trier of fact may not, however, ignore the uncontroverted facts and arbitrarily fix an amount neither authorized nor supported by the evidence. *Qualls v. Miller*, 414 S.W.2d 746 (Tex.Civ. App.—Texarkana 1967, writ dism'd); 28 Tex.Jur.3d *Damages* § 347 (1983). As was previously stated, the only evidence adduced at trial as to the value of the trees was that of Mr. Lee, appellant's expert. His appraisal of the value of the ten trees totaled $72,500.00. While we agree with the trial court's opinion that Mr. Lee's evaluation is unrealistic, we find no basis in the record or in the evidence presented at trial to support the amount of damages assessed by the court. We hold that the trial court abused its discretion in awarding damages in an amount not supported by *any* evidence. We therefore remand the cause to the trial court for a redetermination of the amount of damages.

Reversed and Remanded.