George ENGLISH, Plaintiff–Appellant,

v.

Joe B. HAIRSTON, Defendant,

Temple Independent School District, et al., Defendants–Appellees.

No. 89–1327
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 24, 1989.

Terry Davis, Austin, Tex., for plaintiff-appellant.

R. James George, Jr., Regina C. Williams, Margaret H. Taylor, Austin, Tex., for defendants-appellees.

Before WILLIAMS, SMITH and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

Appellant, George English, was employed by Temple Independent School District as a principal under a two-year contract which expired July 31, 1986. His contract was not renewed and he sued alleging a deprivation of property without due process. The district court granted summary judgment dismissing appellant's claims and holding that appellant had no property interest in renewal of his employment contract. This appeal followed. Finding no issue of material fact and no error of law, we affirm. We are presented with the question whether the Texas Term Contract Nonrenewal Act [1] (the "Act") creates a property interest in employment beyond the contract term for Texas teachers employed under term contracts. We hold that it does not.

This Court held in *Burris v. Willis Indep. School Dist., Inc.,* 713 F.2d 1087, 1090 (5th Cir.1983) and *Wells v. Hico Indep. School Dist.,* 736 F.2d 243, 255 (5th Cir. 1984), *cert. dismissed,* 473 U.S. 901, 106 S.Ct. 11, 87 L.Ed.2d 672 (1985) that an employee of a Texas school district under a term contract, as appellant was, had no

---

1. Tex.Educ.Code Ann. §§ 21.201 *et seq.* (Vernon   1987 & Supp. 1989).

property interest in employment beyond the term of the contract. This result is fully consistent with decisions of the Texas courts. *See, e.g., Hix v. Tuloso–Midway Indep. School Dist.,* 489 S.W.2d 706, 711 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.). Without a property interest in continued employment appellant's claim of due process fails. *Board of Regents v. Roth,* 408 U.S. 564, 576–78, 92 S.Ct. 2701, 2708–09, 33 L.Ed.2d 548 (1972).

Appellant nevertheless contends that the Act, which was adopted after the employment decisions at issue in *Burris* and *Wells,* conferred a property interest in continued employment beyond his contract term. This argument is without merit. The Act simply provides procedural safeguards to employees whose contracts are not being renewed. It requires that teachers be periodically evaluated and these evaluations be considered by the board of trustees of the district before deciding whether to renew the teacher's term contract.[2] The Act also requires the board to establish policies which shall establish reasons for nonrenewal and policies for receiving recommendations from the school administration concerning nonrenewal, to give notice of proposed nonrenewal, and to conduct nonrenewal hearings.[3] Such procedural safeguards do not, however, create a property interest. "The categories of substance and procedure are distinct.... 'Property' cannot be defined by the procedures provided for its deprivation any more than can life or liberty." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 541, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985).

Appellant next argues that the Act's requirement that the district adopt policies and reasons for nonrenewal and the district's compliance therewith create a property interest. This argument is misplaced. Under appellant's argument the Act, which in essence requires only that nonrenewal decisions be informed and consistent, is transformed to require renewal except on a showing of reason for nonrenewal. To construe the statute in this manner would do

away with the distinction long maintained in Texas law between a teacher's contract for a term and one that is continuing, a distinction the Act is careful to preserve and which is needed in order for the Act to have meaning.[4] To read the Act as appellant suggests would equate term contracts with continuing contracts. That this is not intended is made clear by § 21.203(a) of the Act which specifically provides that the board may "... choose not to renew the employment of any teacher employed under a term contract...." *See also Cogdill v. Comal Indep. School Dist.,* 630 F.Supp. 47 (W.D.Tex.1985); *Hankins v. Dallas Indep. School Dist.,* 698 F.Supp. 1323 (N.D. Tex.1988).

Nor does appellant acquire any property right by virtue of the adoption of reasons for nonrenewal by the district in accord with the mandate of § 21.203 of the Act. This argument is foreclosed by the reasoning of this court in *Evans v. City of Dallas,* 861 F.2d 846 (5th Cir.1988). In that case we held that the provision in the city's personnel manual that a discharged probationary employee had to be given "valid reasons" for his discharge did not create a property interest in continued employment. We found that this provision had to be construed in light of the city charter which provided that probationary employees could be discharged at will. *Id.* at 850. Similarly, the requirement that the school district must adopt guidelines and reasons for nonrenewal must be read in context with the provision of the Act permitting the district to choose not to renew employment at the end of the contract term. Tex.Educ.Ann. Code § 21.203(a) (Vernon 1987). Therefore, notwithstanding the district's adoption of reasons for nonrenewal, the Act did not create a legitimate claim of entitlement to renewal.

Appellant cites Texas cases and decisions of the Texas State Commissioner of Education to show that a district may decline to nonrenew only for particular reasons. None of these cases or decisions, however,

---

2. *Id.* § 21.202.

3. *Id.* §§ 21.203(b) and (c), 21.204, 21.205.

4. *Id.* §§ 13.101, 23.28.

indicates that the State of Texas intended to create a property interest for the benefit of teachers employed under term contracts. Accordingly, any failure to comply with the provisions of the Act might form the basis of a state law claim, but could not give rise to a federal Due Process claim for deprivation of property. *See Wells*, 736 F.2d at 253 n. 13. We note that the Supreme Court of Texas has recently commented in dictum that the Act was designed to give due process rights when a district decides not to renew a term contract. *Central Educ. Agency v. George West Indep. School Dist.*, No. C–7687, 1989 WL 121297 (Tex. Oct. 4, 1989) (opinion on rehearing). But as the Court fell short of declaring teachers to have a property interest in the renewal of term contracts, *Hix* remains the law of Texas.

Our finding that appellant has no protected property interest in continuing employment renders the remaining issues moot.

The judgment is AFFIRMED.