Jack MURRAY

v.

**MOUNT PLEASANT INDEPENDENT SCHOOL DISTRICT, Diane Tolbert, Mike Reynolds, Herbert Cross, and the Board of Trustees.**

No. TX–89–31–CA.

United States District Court,
E.D. Texas,
Texarkana Division.

July 13, 1990.

Larry Daves, San Antonio, Tex., for plaintiff.

William Buechler, Henslee, Ryan & Groce, Austin, Tex., for defendants.

## ORDER AND OPINION

HALL, District Judge.

Came on for consideration Defendants' Motions to Dismiss, Motion for Judgment on the Pleadings, Motion for Attorney's Fees, and Motion for Summary Judgment and Plaintiff's Responses in opposition thereto. Due deliberation being had, the Court is of the opinion that said Motions should be granted, as reflected in this Order and Opinion.

FACTUAL BACKGROUND. In 1981, Jack Murray was hired as Superintendent of Mount Pleasant Independent School District. Plaintiff was employed under a series of one-year contracts which ran from July 1 to the following June 30. Plaintiff's contract was not renewed after the 1988–1989 school year. At the time of the nonrenewal, Plaintiff was 53 years of age. The superintendent who succeeded him was 36 years of age.

In December, 1988 an evaluation form was completed by the school board members with regard to Plaintiff's performance. On December 15, 1988 a composite evaluation and list of comments were discussed with Plaintiff by the President of the Board. At a January 26, 1989 Board meeting, Plaintiff was provided an opportunity to respond to the evaluation previously delivered to him. A motion to renew Plaintiff's contract for another year was defeated by a 4–2 vote. A motion was made to honor Plaintiff's contract, but relieve him of his responsibilities so he could seek other employment. This motion, though seconded, was never voted on by the board. Another motion was made to reassign Plaintiff to a less responsible position for the duration of his existing contract. The third motion was seconded and passed by a 5–2 vote. On January 27, 1989, the local newspaper reported that Plaintiff had been relieved of his duties so that he could seek other employment as his contract was not being renewed. For a period of several days, all parties were under the impression that Plaintiff's immediate subordinate was to fulfill the duties of superintendent until June 30, the remainder of Plaintiff's term contract. However, the January 27 votes were procedurally void. The invalidity of the actions was noted in the official minutes, as well as at the next board meeting held one week later. Plaintiff was paid and served as superintendent through the remainder of his contract.

On February 2, 1989 the board proposed in a lawfully called meeting that Plaintiff's contract be nonrenewed. The board provided Plaintiff with a notice proposing his nonrenewal, as well as a list of sixteen specific reasons for the proposed nonrenewal under the procedure contained in the Texas Term Contract Nonrenewal Act. A nonrenewal hearing was held on February 24, 1989, which lasted a total of 15 hours. At the hearing, Plaintiff was represented by the Texas State Teacher's Association. Upon completion of the evidence, the board voted to nonrenew Plaintiff's contract by a 5–2 vote. In the month following the expiration of his term contract in June, 1989, Plaintiff assumed the position of principal in a neighboring school district.

DUE PROCESS CLAIMS. Plaintiff's first cause of action is for violation of his due process rights, through the termination of his existing contract and the nonrenewal of his term contract. Plaintiff's right to pursue a constitutional claim depends upon his demonstration of the existence of a property right of which he was deprived. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985). The Texas Term Contract Nonrenewal Act, Tex. Educ.Code Ann. §§ 21.201 *et seq.,* does not create a property interest in continued employment beyond the contract term. *English v. Hairston,* 888 F.2d 1069 (5th Cir. 1989); *Cogdill v. Comal Independent School District,* 630 F.Supp. 47 (W.D.Tex. 1985). Plaintiff clearly recognizes this governing law with regard to the nonrenewal of contract claim. Plaintiff's Brief in Support of Opposition, page 13. Any due process claim for nonrenewal of Murray's term contract, therefore, must be dismissed for failure to state a claim upon which relief can be granted.

At the Board meeting on January 26, 1989 a motion was passed by a 5–2 margin

to reassign Murray to a less responsible position for the remainder of his term contract. This motion was void due to procedural irregularities. Mr. Murray was never deprived of his contract employment or of his income associated with that employment. Whatever misinformation may have emerged in the local paper notwithstanding, the Court fails to see that Mr. Murray was in any way deprived of a property right. Procedural irregularities that do not result in some deprivation of property do not give rise to a constitutional cause of action. *Brown v. Texas A & M University,* 804 F.2d 327, 335 (5th Cir.1986). Therefore, since Plaintiff's employment contract for the period July 1, 1988 to June 30, 1989 was not terminated and he suffered no deprivation of a property right, this aspect of his due process claim must also be dismissed for failure to state a claim upon which relief can be granted.

 AGE DISCRIMINATION CLAIM. Plaintiff's third cause of action states that he was discharged because of his age in willful violation of the Age Discrimination in Employment Act, U.S.C. Title 29. Plaintiff succeeds in establishing a prima facie case of age discrimination. Plaintiff belongs to the statutorily protected age group; he was qualified for the job of superintendent of schools; he was discharged, to the extent that his term contract was not renewed; and he was replaced by a person outside the protected group. Where a younger person is hired in preference to an older person, a rebuttable presumption of discrimination is created. *Thornbrough v. Columbus and Greenville R. Co.,* 760 F.2d 633, 645 (5th Cir.1985).

 Upon the showing of a prima facie case, the employer has the burden of production to articulate legitimate, nondiscriminatory reasons for the actions. In a letter dated February 13, 1989, the board of trustees detailed sixteen grounds upon which Plaintiff's contract was proposed for nonrenewal, including the repeated failure to diligently implement board directives, to timely present budget recommendations, or to present plans and procedures requested by the board. It is incumbent upon the Plaintiff to show some evidence that the above reasons are a pretext for a decision based, at least in part, on age discrimination. Such evidence may be direct, indirect, or circumstantial.

Plaintiff's evidence that the reasons the school board gave for nonrenewal of his contract is (1) that Plaintiff's prior performance was satisfactory, and (2) that the local paper reported a board member as saying "A move is being made that will bring in new and fresh ideas into the school district to push us forward for the next five years or longer." *Mount Pleasant Daily Tribune,* January 27, 1989.

Prior school board minutes show that the board had been concerned about the superintendent's lack of initiative for some time before the contract nonrenewal. Minutes of August 25, 1988 state that the evaluation of the superintendent included improvements needed in "bringing things to the Board in a timely manner or whenever the Board requested them," and "show leadership by coming to the Board with new concepts; Lead—not react. Get advice from employees and citizens. Be positive and optimistic." The minutes also state that the board wished the superintendent to "Look at long-range plans for the District. Be stronger with recommendations to the Board. Give advice and let Board decide. Be a take-charge Superintendent." The minutes further reflect the board's concern that the superintendent did not delegate authority efficiently and took an overly defensive posture. Defendant's Exhibit I, Brief in Support of Motion for Summary Judgment.

The board's superintendent evaluation of December 15, 1988 continued to reflect the board's concerns that the superintendent did not always make recommendations; was overly defensive, close minded in some areas and dictatorial/authority oriented; lacked confidence in planning ability; and did not delegate. The composite evaluation done in January, 1988 indicates on item II.4 that the board thought the superintendent particularly weak on the item "Is effective in short and long range planning," as well

as numerous other categories. Plaintiff's Exhibit B, Brief in Support of Opposition.

The board letter to Mr. Murray, dated February 13, 1989, itemizes sixteen specific circumstances underlying the nonrenewal of his contract. These items reflect the board's continued lack of confidence in Murray's planning and administrative capabilities. Among other items, the letter addresses the failure to meet State mandates in complying with requirements pertaining to dyslexia and failing to correct library situations criticized by the Texas Education Agency. Defendant's Exhibit E, Brief in Support of the Motion for Summary Judgment.

All documentation before the Court points to a consistent and repeated concern by the board that the school district was lacking the long-range planning capacity and the personnel guidance capability that should emanate from the position of superintendent. Plaintiff has come forward with no evidence to counter the documentation discussed above, and merely states that "Nothing in the list of criticisms [the February 13, 1989 letter] of Mr. Murray, assembled after the dismissal and nonrenewal, was recorded as an official complaint in Mr. Murray's file." Defendant's Brief in Opposition, p. 18. To the contrary, the December, 1988 evaluation and the evaluation reflected in the August, 1988 board minutes were entirely consonant with the February, 1989 letter.[1]

Plaintiff further would posit the newspaper quote as indirect or circumstantial evidence of an unlawful and discriminatory motive underlying the nonrenewal of his contract. Even were the Court to concede, which it does not, that the expressed need for "fresh and new ideas" necessarily equated with age discrimination, the Fifth Circuit has held that a single remark by a board member to the effect that "we want a younger man this time," was not sufficient by itself to raise a fact issue of discriminatory intent. *Simmons v. McGuffey Nursing Home,* 619 F.2d 369, 371 (5th Cir.

1980). The Sixth Circuit continued that legal precedent in its holding that a single remark by a supervisor that he "needed younger blood" was not sufficient to create an issue of material fact on age discrimination. *Gagne v. Northwestern National Insurance Company,* 881 F.2d 309, 314 (6th Cir.1989). The abstract remark at issue in the present case does not even rise to the level of specificity of those precluded in the above cases.

Plaintiff has alleged that the reasons given for the nonrenewal of his contract were pretextual for age discrimination. It is incumbent on Plaintiff, then, to provide some evidence that the employer's stated reason is pretextual. *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). Plaintiff offers no evidence that "the employer's proffered explanation is unworthy of credence." *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Murray has failed to raise a genuine issue of fact regarding pretext to discredit the legitimate reason for his discharge presented by the school board. As in *Sherrod,* Plaintiff "did little more than present his personal belief that he was actually fired" because of his age. *Sherrod v. Sears, Roebuck, & Co.,* 785 F.2d 1312, 1316 (5th Cir.1986).

Summary judgment is not favored as a "tool for resolving claims of employment discrimination, which involve nebulous questions of motivation and intent." *Thornbrough v. Columbus and Greenville R. Co.,* 760 F.2d 633, 640 (5th Cir.1985). At the same time, "trial courts or reviewing courts should [not] treat discrimination differently from other ultimate questions of fact.... The law often obliges finders of fact to inquire into a person's state of mind." *United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983). While Plaintiff is not required to prove pretext, he is required to raise a genuine issue of fact regarding pretext,

---

**1.** Any deficiencies in the method of evaluation of the superintendent are encompassed in Plaintiff's breach of contract claim.

i.e., that the employer's stated reasons were untrue. *Thornbrough,* 760 F.2d at 646. It has long been held by the Fifth Circuit that mere conclusory statements of a plaintiff are insufficient evidence to support a conclusion that an employer was more likely than not motivated by a discriminatory reason. *Thornbrough,* 760 F.2d 633; *E.E.O.C. v. Exxon Shipping Co.,* 745 F.2d 967 (5th Cir.1984); *Elliott v. Group Medical & Surgical Serv.,* 714 F.2d 556 (5th Cir.1983), *cert. denied,* 467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984).

It is clear from Plaintiff's deposition testimony that Mr. Murray is more concerned about his allegations of breach of contract than about his age discrimination charge. He does not hold that the person who was given a term contract as superintendent after him was not qualified. Murray Deposition, page 89. Plaintiff states only that he was 53 at the time of his contract nonrenewal, whereas his replacement was 36 years of age and had less years of experience as a superintendent. Murray states that his allegation stems from "a feeling" that he had. Murray Deposition, page 90. Murray's interpretation of the remark quoted in the local paper was that, "It was a type of hysteria type [sic] that an older person such as me couldn't come up with any new ideas." Murray Deposition, page 89. This subjective evaluation is precisely the type of allegation that the Fifth Circuit has held not to be grounds for a genuine material fact issue. The Court is of the opinion that a reasonable jury would not draw a contrary inference Under these circumstances, summary judgment on behalf of the Defendants is appropriate.

BREACH OF CONTRACT CLAIMS. Plaintiff's second cause of action is a state law contract claim over which Plaintiff wishes the Court to exercise pendent jurisdiction. Dismissal of the federal question claims requires the dismissal of the pendent claim for lack of jurisdiction. *Bova v. Pipefitters & Plumbers Local 60, AFL-CIO,* 554 F.2d 226 (5th Cir.1977).

It is, therefore, ORDERED, ADJUDGED, AND DECREED that Plaintiff's due process claims are DISMISSED for failure to state a claim, and Plaintiff's contract claim is DISMISSED without prejudice for lack of jurisdiction. It is further ORDERED that Defendants' Motion for Summary Judgment on Plaintiff's claim of age discrimination is hereby GRANTED. Each party will bear their own costs.