Gary GROUNDS, Appellant,

v.

**TOLAR INDEPENDENT SCHOOL DISTRICT, Appellees.**

No. 2–89–198–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 8, 1992.

Rehearing Overruled Feb. 11, 1992.

Brim & Arnett, Jefferson K. Brim, III, Austin, for appellant.

Robert J. Glasgow, Attys., Andrew Ottaway, Stephenville, for appellees.

Before HILL, LATTIMORE and MEYERS, JJ.

OPINION

LATTIMORE, Justice.

Appellant, Gary Grounds, appeals from the granting of a motion for "directed verdict" that he take-nothing from appellee Tolar Independent School District ("Tolar I.S.D."). Appellant had sued Tolar I.S.D. for damages resulting from an alleged deprivation of due process. We affirm.

The facts are not seriously disputed by either party. Grounds was a teacher and head football coach for Tolar I.S.D. in the 1983–84 school year. He was notified in February of 1984 that his contract would not be renewed. Grounds' request for a hearing and notice of the reasons for non-renewal was denied. The State Commissioner of Education granted relief in Grounds' appeal and ordered the school district to reinstate him for the 1984–85 school year in the same professional capacity. At that point, Tolar I.S.D. filed suit in district court, seeking not to appeal the ruling of the Commissioner, but a declaratory judgment that Grounds was a probationary employee.

Before the case came to trial, however, the school district notified Grounds he

would be reassigned as a teacher only, with no coaching duties, for the next year. This time he was provided with a notice and hearing. Grounds again appealed to the Commissioner of Education who found for him again and held, in October of 1988, that the district had violated his contract by not reassigning him to the same duties. In the meantime, the declaratory judgment suit went to trial and the district court found for Tolar I.S.D. Grounds appealed to this court, which affirmed. *Grounds v. Tolar Indep. School Dist.*, 694 S.W.2d 241 (Tex.App.—Fort Worth 1985). The Texas Supreme Court then granted writ and reversed, holding the district court lacked jurisdiction since the school district could not collaterally attack the first administrative order of the Commissioner of Education. *Grounds v. Tolar Indep. School Dist.*, 707 S.W.2d 889, 890 (Tex.1986).

The parties entered into a settlement of the breach of contract claims after the Commissioner of Education made the October 1988 findings. A partial motion to dismiss was filed and granted, leaving the claim that Tolar had denied Grounds due process. This claim was tried to the court. At the close of the plaintiff's evidence, the defendant school district moved for "directed verdict." The court granted the motion, stating:

> I'm going to grant defendant's motion for directed verdict. I find there has been due process in connection with this matter from its inception; and I am unable to find any damages that were incurred by the plaintiff in this cause, even if there wasn't due process. I can't find any damages that grew out of the alleged lack of due process, and I am going to grant defendant's motion for directed verdict.

In his findings of fact and conclusions of law, however, the trial judge held in part that denial of a hearing on the nonrenewal of Grounds' contract in 1984 was a denial of due process, and that Grounds suffered no damages prior to the time the Commissioner ordered the contract renewed. Grounds no longer works as a teacher or coach, instead he is an account executive marketing insurance to educators.

In his first point of error, Grounds contends the trial court erred in granting the motion for directed verdict because the failure of appellee to give him due process was established as a matter of law. Before addressing the merits of this point, a procedural issue must be discussed. In a trial to the court, there is no such thing as a "directed verdict," since there is no jury to "direct" or instruct. The proper procedure is to file a motion for judgment at the close of the plaintiff's case, asking the trial court to proceed to judgment in favor of the defendant. A motion for judgment is equivalent to a motion for directed verdict in a jury trial, *Qantel Business Sys. v. Custom Controls*, 761 S.W.2d 302, 303 (Tex.1988), and we will review the case by that standard. Evidence will be examined in the light most favorable to the party against whom the verdict was rendered and all contrary evidence will be disregarded. *Qantel*, 761 S.W.2d at 303. Although a trial judge may not be required to make findings of facts and conclusions of law where there has been a directed verdict in a jury trial, he may now do so with a motion for judgment in a nonjury trial. *Id.* at 304.

Grounds stated in his pleadings that he was seeking damages for denial of his civil rights. He argued at trial that failure to give him notice and a hearing in connection with the nonrenewal of his contract constituted the breech of his civil rights. The statute regulating teachers' employment contracts is the Term Contract Nonrenewal Act, TEX.EDUC.CODE ANN. §§ 21.201–21.211 (Vernon 1987) ("Act"). The trial court found in conclusion of law number two that the violation of the Term Contract Nonrenewal Act by Tolar I.S.D. constituted a denial of due process.

In his opening statement to the trial court, appellant's counsel conceded the school district was immune under the Texas Tort Claims Act, and the trial court found in conclusion of law number one that Tolar was entitled to immunity while exercising governmental functions. We do not reach the question of whether Tolar is entitled to immunity for an alleged violation of 42 U.S.C.S. § 1983 (1986) and Art. I § 19 of

the Texas Constitution. Before he is entitled to damages for a due process violation, Grounds must first show that he has a protected property interest of which he cannot be deprived without due process. *See Board of Regents v. Roth*, 408 U.S. 564, 576–78, 92 S.Ct. 2701, 2708–09, 33 L.Ed.2d 548, 560–62 (1972). We hold that the Term Contract Nonrenewal Act does not create such a protected property interest in employment beyond the contract term as to entitle Grounds to seek damages for violation of his civil rights.

The Act does indeed grant to teachers *procedural safeguards* to be followed when their contracts are not being renewed. The teachers must be re-evaluated, with those evaluations to be considered by the district's trustees before the decision is made whether to renew their contracts. TEX.EDUC.CODE ANN. §§ 21.202 (Vernon 1987). Written policies must be established, setting out reasons for which contracts will not be renewed. *Id.* § 21.203(b). However, as the Fifth U.S. Circuit stated in ruling the Act did not create a property interest in continued employment, "Such procedural safeguards do not, however, create a property interest. 'The categories of substance and procedure are distinct.... 'Property' cannot be defined by the procedures provided for its deprivation any more than can life or liberty'." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). *English v. Hairston*, 888 F.2d 1069, 1070 (5th Cir.1989).

We are aware of the Texas Supreme Court opinion which discusses compliance with the Act, and which states in dicta that the Act was "specifically designed to give teachers due process rights when a school district decides not to renew the teacher's contract of employment." *Central Educ. Agency v. G. West Indep. School Dist.*, 783 S.W.2d 200, 202 (Tex.1989). However, that opinion did not discuss whether teachers have a vested property interest in continued employment under the Act sufficient to give rise to constitutional claims, rather it merely held that districts could not unilaterally modify existing contracts to avoid the application of the Act to those con-

tracts. *Id.* The opinion did not discuss nor overrule *Hix v. Tuloso–Midway Indep. School Dist.*, 489 S.W.2d 706, 711 (Tex.Civ. App.—Corpus Christi 1972, writ ref'd n.r.e.), which held teachers do not have a protected property interest in employment contracts. Although *Hix* was written prior to the adoption of the Act, it does not conflict with the Act and appears to us to still be sound law. The Act clearly states that the trustees of a district "may choose not to renew the employment of any teacher employed under a term contract effective at the end of the contract period." TEX.EDUC.CODE ANN. § 21.203(a). Nothing in the Act, nor in any cases we have found, indicates the legislature intended to create a property interest of constitutional dimensions. *English*, 888 F.2d at 1071; *Murray v. Mount Pleasant Indep. School Dist.*, 754 F.Supp. 535, 536 (E.D.Tex.1990), *affirmed without opinion* 928 F.2d 402 (5th Cir.1991).

Teachers certainly have a cause of action for breach of contract when school districts fail to obey the Act, and Grounds brought and settled such an action. Until the supreme court overrules *Hix*, or until the legislature gives teachers a constitutionally protected interest in term contracts, we decline to extend such protection. Point of error one is overruled.

In view of our ruling on point of error one, points of error two and three are overruled also. The judgment of the trial court is affirmed.