**Lois P. WHITE, Plaintiff,**

v.

**HOUSTON INDEPENDENT SCHOOL DISTRICT, Defendant.**

**Civ. A. No. H91–2914.**

United States District Court, S.D. Texas, Houston Division.

Feb. 18, 1993.

Teana V. Watson, Richmond, TX, for plaintiff.

Kelly Frels, Bracewell & Patterson, Houston, TX, for defendant.

## MEMORANDUM AND ORDER

WERLEIN, District Judge.

Pending is a Motion for Summary Judgment (Document No. 12) filed by Defendant Houston Independent School District ("HISD"). After reviewing this motion and the applicable law, the Court concludes that the motion should be GRANTED.

## BACKGROUND

Plaintiff, Lois P. White, was hired by the HISD in 1974 as a part-time cashier at the Reynolds Elementary School. White was responsible for collecting lunch money from the students, accepting free and reduced price lunch cards from eligible students, and maintaining accurate records and accounting for funds. Part of her duties also included reconciling her records with those of the cafeteria manager.

In November, 1989, a conference was held with White to discuss an on-going record-keeping problem. During the conference, she was offered a transfer to another school, which she refused. On November 20, 1989, the HISD discharged Plaintiff, allegedly due

to poor record-keeping. At the time of her firing, she was approximately 59 years of age. She filed a complaint with the Equal Opportunity Commission ("EEOC") alleging that her termination violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, et seq. The EEOC found no cause to believe that Plaintiff had been discriminated against because of her age. Plaintiff then filed this lawsuit, alleging that she was discharged in violation of the ADEA.

## DISCUSSION

■ In order to establish a prima facie case of discrimination under the ADEA, a plaintiff must prove: (1) that she was within the protected class; (2) that she was qualified for the position she held; (3) that she was discharged; and (4) that she was replaced by someone outside the protected class, or replaced by someone younger, or show otherwise that her discharge was because of her age. *See, e.g., Fowler v. Carrollton Public Library,* 799 F.2d 976, 983 (5th Cir.1986); *Elliott v. Group Medical & Surgical Serv.,* 714 F.2d 556, 565 (5th Cir. 1983), *cert. denied,* 467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984).

■ There is no dispute that Plaintiff was approximately 59 years old at the time of her discharge, and was within the class of persons that are protected under the ADEA. *See* 29 U.S.C. § 631(a). There is likewise no dispute that Plaintiff was involuntarily terminated from her employment with HISD, and that a younger employee was hired to replace her as part-time cashier. The sole element in dispute is whether Plaintiff was qualified for the position that she held. The initial question is whether Plaintiff has established a prima facie case.

As a general rule, courts require only that a plaintiff present "some evidence of differential treatment between older and younger employees" in order to establish a prima facie case. *Thornbrough v. Columbus and Greenville R. Co.,* 760 F.2d 633, 645 (5th Cir.1985). "If a younger employee was promoted, but an older employee in a similar position was not, or if a younger employee was hired in preference to an older one, this creates a presumption of discrimination."

*Id.* Indulging all reasonable inferences from the facts in favor of Plaintiff, the nonmoving party, *Powers v. Nassau Development Corp.,* 753 F.2d 457, 462 (5th Cir.1985), and taking into consideration the fact that Plaintiff had held the job of part-time cashier for more than a decade, it cannot be concluded that Plaintiff has not established a prima facie case of age discrimination under the ADEA.

■ If Plaintiff makes a prima facie case, Defendant must then articulate, if it can, legitimate, nondiscriminatory reasons for its actions. *Thornbrough,* 760 F.2d at 646. Defendant's summary judgment evidence indicates that prior to her discharge White failed to keep accurate records of cafeteria funds while she worked as a cashier, and that this recordkeeping problem was the reason for her discharge. The summary judgment evidence further indicates that before her termination White was given several in-service training sessions regarding the proper method for recordkeeping, but that her job performance did not improve.

■ In the face of this summary judgment evidence, the rebuttable presumption created by Plaintiff's prima facie case dissolves and the burden reverts to White to show that HISD's reasons were pretextual. *Id.* In the context of a summary judgment proceeding, Plaintiff is required at least to raise a genuine issue of fact regarding pretext. *Id; Murray v. Mount Pleasant Independent School District,* 754 F.Supp. 535, 538–39 (E.D.Tex.1990), *aff'd,* 928 F.2d 402 (5th Cir.1991). The Plaintiff has failed to do so.

■ Plaintiff's only controverting summary judgment evidence is an affidavit of Plaintiff in which she states that she was terminated by the principal of Reynolds Elementary because of inconsistent figures given on her weekly reports; that she was offered a transfer to another school, which she refused; that the principal had discussed with her some six months earlier the inconsistent figures shown on her reports; that she had been told she could remain employed at Reynold's Elementary if she could "match the figures"; and that she was replaced by a woman in her twenties. Rather than contro-

verting HISD's explanation, however, this summary judgment evidence largely corroborates the reasons stated for her discharge.

 In short, Plaintiff presents no summary judgment evidence to raise an issue of fact as to HISD's stated reasons for her discharge being pretextual. She rests solely on a conclusory statement at the end of her affidavit: "I believe that I was discriminated against because of my age...." But a person's "subjective belief of age discrimination, however genuine, cannot alone be the basis of judicial relief." *Sherrod v. Sears, Roebuck & Co.*, 785 F.2d 1312, 1316 (5th Cir.1986). Similarly, it has long been held by the Fifth Circuit that mere conclusory statements of a plaintiff are insufficient evidence to support a conclusion that an employer was more likely than not motivated by a discriminatory intent. *Thornbrough*, 760 F.2d at 644; *E.E.O.C. v. Exxon Shipping Co.*, 745 F.2d 967, 976 (5th Cir.1984); *Elliott v. Group Medical & Surgical Serv.*, 714 F.2d 556, 564, 566–67 (5th Cir.1983), *cert. denied*, 467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984); *see also Young v. General Foods*, 840 F.2d 825, 830 (11th Cir.1988) (employee's own opinion that his job performance was satisfactory insufficient to create issue of fact where employer submits evidence to the contrary); *Murray*, 754 F.Supp. at 539.

Plaintiff also argues that summary judgment is "premature," asserting that she "had not completed discovery of Defendant's evidence" at the time she filed a response. Plaintiff's case has been on file for well over a year and her response in which she claimed the motion for summary judgment is premature, was filed more than ten months ago. In these ten additional months Plaintiff has not supplemented her response with summary judgment evidence to raise any fact issue that HISD's explanation for her discharge was pretextual and that the discharge was actually motivated by age discrimination. Summary judgment, upon a properly supported motion, is appropriate after there has been an "adequate time for discovery," which in this case there has been. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element that is essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 321, 106 S.Ct. at 2552. Defendant's summary judgment evidence demonstrates the absence of a genuine issue of material fact regarding the basis for Plaintiff's discharge and Plaintiff has failed to rebut this showing. Plaintiff has, in other words, failed to raise a genuine issue of material fact regarding pretext to discredit the legitimate reasons for her discharge presented by HISD. Defendant is accordingly entitled to summary judgment.

## CONCLUSION AND ORDER

In light of the foregoing, it is, therefore, ORDERED that Defendant HISD's Motion for Summary Judgment (Document No. 12) is GRANTED.