MYRTLE SPRINGS REVERTED INDE-PENDENT SCHOOL DISTRICT and Wills Point Independent School District, Appellants,

v.

Carolyn V. HOGAN, Appellee.

No. 9357.

Court of Appeals of Texas, Texarkana.

Dec. 4, 1985.

708

James R. Raup, McGinnis, Lockridge & Kilgore, Austin, for appellants.

Mark E. Foster, Austin, for appellee.

Before CORNELIUS, C.J., and BLEIL and CHADICK, JJ.*

* Honorable T.C. Chadick, Justice, Supreme Court of Texas, Retired, sitting by Assignment.

BLEIL, Justice.

Myrtle Springs Reverted Independent School District and Wills Point Independent School District appeal a judgment of $105,-984.00 as damages for a diminution of earning capacity and $17,000.00 as attorney's fees for breach of Carolyn Hogan's employment contract with the Myrtle Springs Reverted Independent School District. Hogan files a cross-point of error seeking damages for mental anguish. The issues concern whether the Myrtle Springs school district breached its contract with Hogan when it did not renew her part-time principal's position and, if the contract was breached, the proper measure of damages. We find that the school district did breach its contract with Hogan, but that the consequential damages of loss of earning capacity and mental anguish cannot be recovered in this suit for breach of an employment contract.

Carolyn Hogan worked for several years as a part-time principal and full-time teacher in the Myrtle Springs school district. On April 11, 1977, the Myrtle Springs school board asked her to resign her part-time principal's job or be fired. Although she specifically asked for a list of grievances on April 11, the school board did not give her any reasons for her dismissal at that time. Hogan turned down the teacher's contract she was offered for the 1977–78 school year. She requested a formal hearing by the school board concerning her part-time principal's position, and the board agreed to hold a formal hearing on May 9. At that hearing, the board gave Hogan a list of eight grievances and affirmed its earlier decision not to renew her part-time principal's position. The list of grievances contained none of the reasons for dismissal listed in the Myrtle Springs school district board policies for 1976–77. During the summer of 1977, the Myrtle Springs Reverted Independent School District was annexed by and consolidated into the Wills Point Independent School District. Hogan appealed the nonrenewal of her part-time principal's position through administrative

channels up to the district court of Travis County. The trial court found that Myrtle Springs had breached its contract with Hogan, awarded her $105,984.00 as damages for a 33⅓% permanent diminution of earning capacity and $17,000.00 as attorney's fees, but denied her recovery of damages for mental anguish caused by the breach of contract.

The Myrtle Springs school board policies for 1976–77 provide:

Whenever the services of an employee are to be discontinued by dismissal or failure to renew an appointment, he shall have been advised of the reason and he shall have been given the opportunity to improve the quality of these services without delay.

. . . .

If a teacher has not received an official warning of unsatisfactory service by the principal on or before May 1, he shall consider that his contract will be extended for a period of not less than the next school year. The initiative for this warning shall be issued as soon as the unsatisfactory condition develops.

The contract between the school district and Hogan for the 1976–77 school year contains the statement:

It is agreed that the said teacher shall discharge under this contract the duties required in accordance with the school laws of Texas, the regulations of the State Commissioner of Education, the local school board, and the County Superintendent of public instruction of said county. It is further agreed that no verbal agreement entered into between the teacher and trustees not covered by this contract and no written agreement, aside from this contract, shall become a part of this contract or bind either of the parties to the same.

The manner in which the Myrtle Springs school district failed to renew Hogan's part-time principal's position violated its own written policies. The district did not give any reason for the nonrenewal of her principal's position or an opportunity to improve before the decision was made not

to renew her position. Nor did it give Hogan a warning of unsatisfactory service before May 1. In fact, it gave no reasons for the failure to renew her position until May 9.

■ The regulations and operational policies adopted by a school board before making a contract of employment with a teacher form part of the contract, and the teacher's employment is subject thereto. *Bowen v. Calallen Indep. School Dist.*, 603 S.W.2d 229 (Tex.Civ.App.-Corpus Christi 1980, writ ref'd n.r.e.); *Romeike v. Houston Indep. School Dist.*, 368 S.W.2d 895 (Tex.Civ.App.-Waco 1963, no writ); *Arlington Indep. School Dist. v. Weekley*, 313 S.W.2d 929 (Tex.Civ.App.-Fort Worth 1958, writ ref'd n.r.e.). Therefore, the school district's failure to follow the procedures for nonrenewal set out in its own written policies when it decided not to renew Hogan's part-time principal's position breached its contract with Hogan.

■ In an action for breach of contract, damages may be recovered for loss that is the natural, probable and foreseeable consequence of the defendant's breach. *Mead v. Johnson Group, Inc.*, 615 S.W.2d 685 (Tex.1981). This rule on the foreseeability of contract damages dates back to the case of *Hadley v. Baxendale*, 9 Exch. 341, 354 (1854), in which the court stated:

Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally; i.e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach.

The majority of American jurisdictions follow this rule and it is recognized by the Restatement (Second) of Contracts. Restatement (Second) of Contracts § 365

(Tent.Draft No. 14, 1979); *Mead v. Johnson Group, Inc.,* supra.

We have some guidance concerning what damages are the natural, probable and foreseeable consequences of the breach of an employment contract. The general rule as to the correct measure of damages for breach of an employment contract is the present cash value of the contract to the employee if it had not been breached, less any amounts that he should be able to earn through other employment using reasonable diligence. *Greater Fort Worth & Tarrant County Community Action Agency v. Mims,* 627 S.W.2d 149 (Tex.1982). The trial court did not award Hogan these damages, namely, the value of the contract less the amount of mitigation. However, in this appeal she makes no complaint of the trial court's failure to award her these damages. Rather, she seeks to uphold damages for loss of earning capacity and mental anguish caused by the breach of the contract. Because damages for loss of earning capacity and mental anguish do not come within the rule as to foreseeable damages in breach of employment contract cases, the award of these damages cannot be sustained.

Traditionally, damages for loss of earning capacity and mental anguish are recovered in personal injury suits. *See Dallas Ry. & Terminal Co. v. Guthrie,* 146 Tex. 585, 210 S.W.2d 550 (1948); *McIver v. Gloria,* 140 Tex. 566, 169 S.W.2d 710 (1943); *T.J. Allen Distrib. Co. v. Leatherwood,* 648 S.W.2d 773 (Tex.App.-Beaumont 1983, writ ref'd n.r.e.); *Soriano v. Medina,* 648 S.W.2d 426 (Tex.App.-San Antonio 1983, no writ). Actions for breach of employment contracts do not allow recovery of damages for loss of earning capacity. *See Greater Fort Worth & Tarrant County Community Action Agency v. Mims,* supra; *Sheshunoff & Co. v. Scholl,* 564 S.W.2d 697 (Tex.1978). However, Hogan's suit against the school district, to the extent that it is grounded in tort, could not succeed because of the district's governmental immunity. *Cummins v. Board of Trustees of Eanes Indep. School Dist.,* 468

S.W.2d 913 (Tex.Civ.App.-Austin 1971, no writ); *Russell v. Edgewood Indep. School Dist.,* 406 S.W.2d 249 (Tex.Civ.App.-San Antonio 1966, writ ref'd n.r.e.). Although Hogan initially sought to recover in tort in the trial court, she has not challenged the district's immunity from her tort actions on appeal. Hogan is barred from recovering damages in tort from the school district; this Court cannot allow her to recover what are essentially tort damages against the school district in a suit for breach of an employment contract. *See Russell v. Edgewood Indep. School Dist.,* supra.

Courts in several other states have held that in an action by a teacher for wrongful discharge or breach of an employment contract, damages for mental anguish or impairment of future earning capacity and injury to professional reputation are not recoverable. *Skagway City School Board v. Davis,* 543 P.2d 218 (Alaska 1975); *Miller v. Board of Education of School Dist. No. 132,* 98 Ill.App.2d 305, 240 N.E.2d 471 (1968); *Winship v. Brewer School Comm.,* 390 A.2d 1089 (Me.1978). In *Skagway,* the Supreme Court of Alaska held that a wrongfully discharged teacher is entitled to the amount of her salary for the unexpired term of employment, less what she could earn by making diligent efforts to obtain similar employment and is not entitled to damages for injury to reputation and loss of earning capacity. The court denied recovery of damages for injury to reputation and loss of earning capacity because those damages could not reasonably be presumed to have been within the contemplation of the parties when they entered into the contract. *Skagway City School Board v. Davis,* supra at 225.

Damages for loss of earning capacity and for mental anguish are ordinarily recoverable in tort actions. We conclude that Hogan cannot recover these damages in a suit for breach of an employment contract against an employer immune from tort liability.

Myrtle Springs additionally complains that the trial court erred in rendering judgment for Hogan because the school district

did not, as a matter of law, violate her right to due process of law. No basis exists for this complaint. The findings of fact and conclusions of law demonstrate that the trial court did not predicate its judgment on any violation of Hogan's procedural due process rights.

We reverse the trial court's judgment and render judgment that Hogan take nothing by virtue of her suit.