**Gary GROUNDS, Petitioner,**

v.

**TOLAR INDEPENDENT SCHOOL DISTRICT, Respondent.**

No. C–4652.

Supreme Court of Texas.

April 2, 1986.

Rehearing Denied May 14, 1986.

Jefferson K. Brim, III, Brim, Tingley & Arnett, Austin, for petitioner.

Charles O. Dobbs, Fort Worth, for respondent.

## OPINION

GONZALEZ, Justice.

This is an appeal from a declaratory judgment involving a school teacher/coach's rights under an employment term contract. Gary Grounds was a teacher/coach with the Tolar Independent School District. The District did not renew his employment contract, declaring him a probationary employee. Thereafter, Grounds appealed to the State Commissioner of Education. The Commissioner found that Grounds was not a probationary employee and ordered that he be re-employed in the same professional capacity. The District neither filed a motion for rehearing pursuant to the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat. Ann. art. 6252-13a, § 16(e) (Vernon Supp. 1986) (the "APTRA"), nor appealed the Commissioner's decision to a district court in Travis County, naming the Commissioner as a party, pursuant to APTRA § 19 and Tex.Educ.Code Ann. §§ 11.13(c) and 21.-207(b) (Vernon Supp.1986). Instead the District filed a declaratory judgment action in the 266th District Court of Hood County. The trial court rendered judgment in favor

of the District and the court of appeals affirmed. 694 S.W.2d 241 (Tex.App. 2 Dist. 1985).

The primary issue is whether an administrative order is subject to collateral attack in violation of the procedural prerequisites of the agency's enabling statute and the APTRA. We hold that it is not, and therefore reverse the judgment of the court of appeals and reinstate the order of the State Commissioner of Education.

Gary Grounds was employed by the District under a one-year term contract for the 1982-83 school year. The contract defined Grounds' position as "teacher." He was re-employed under a second one-year term contract for 1983-84, which defined his position as "Teacher/Coach Football (Head Football coach)." This contract contained a clause which stated that an "employee is subject to assignment and reassignment at any time during the contract term." At that time, the District had not adopted a probationary policy for new employees under the Term Contract Nonrenewal Act, Tex.Educ.Code Ann. §§ 21.201-21.211 (Vernon Supp.1986), (the "TCNA"). Subsequently, in November of 1983, midway through Grounds' second year, the District adopted a probationary evaluation policy for teachers employed less than two years, pursuant to § 21.209.

On February 28, 1984, the District notified Grounds that his contract would not be renewed for the 1984-85 school year. On March 5, 1984, Grounds requested a hearing pursuant to TCNA § 21.209, which was denied on the basis that he was a probationary employee. Grounds appealed the decision to the State Commissioner of Education pursuant to TCNA § 21.207 and Tex. Educ.Code Ann. § 11.13.

On May 14, 1984, the Commissioner reversed the District's decision, finding that Grounds was not a probationary employee, and ordered re-employment in the "same professional capacity" for the 1984-85 school year. On May 29, 1984, the District offered Grounds a new contract for the 1984-85 school year for teaching without

any coaching duties, and without the $3500.00 coaching supplement. Grounds refused this contract claiming that he was entitled to a contract which allowed him to be employed in the "same professional capacity," pursuant to § 21.204(b). Thereafter, this lawsuit ensued.

Grounds argues that the court of appeals erred in holding that a teacher/head football coach was within the same professional capacity as teacher and in holding that the District did not have to appeal directly from the State Commissioner's decision but could collaterally attack the decision in any district court.

■ Term contracts are governed by the TCNA. Section 21.202 provides for periodic teacher evaluations. Section 21.204 provides that a school board must give written notice of the proposed nonrenewal before the April 1 preceding the end of the employment term of the contract. The board must employ the teacher for an additional year in the "same professional capacity" if it fails to give notice. § 21.204(b). The board must further provide a hearing within 15 days of a teacher's request, provided that the request is made within 10 days of the notice for nonrenewal. § 21.205. TCNA § 21.207 provides:

(a) If the teacher is aggrieved by the decision of the board of trustees, he may appeal to the State Commissioner of Education pursuant to Section 11.13 of this Code. The Commissioner may not substitute his judgment for that of the board of trustees, unless the decision below was arbitrary, capricious, unlawful, or not supported by substantial evidence. (b) Either party may appeal the Commissioner's decision to *a district court in Travis County.* (emphasis added).

Section 11.13(c) provides:

Any person, county, or school district aggrieved by any action of the Central Education Agency or decision of the commissioner of education may appeal to *a district court in Travis County, Texas. Appeals should be made by serving the commissioner of education with citation* issued and served in the manner

provided by law for civil suits. The petition shall state the action or decision from which the appeal is taken. Upon trial the court shall determine all issues of law and fact. (emphasis added).

These sections must also be read in conjunction with judicial review of contested cases under APTRA § 19, which provides in pertinent part:

(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this Act. The section is cumulative of other means of redress provided by statute.

(b) Proceedings for review are instituted by filing a petition within 30 days after the decision complained of is final and appealable. Unless otherwise provided by statute:

(1) *the petition is filed in a District Court of Travis County, Texas;*

(2) *a copy of the petition must be served on the agency* and all parties of record in the proceedings before the agency; and

(3) the filing of the petition vacates an agency decision for which trial de novo is the manner of review authorized by law, *but does not affect the enforcement of an agency decision for which another manner of review is authorized.* (emphasis added).

■ The Legislature creates rules and regulations for administrative agencies and procedures for obtaining judicial review of their decisions. *Texas Catastrophe Property Insurance Association v. Council of Co-Owners of Saida II Towers Condominium Association,* 706 S.W.2d 644, 29 Tex. Sup.Ct.J. 257 (1986); *City of Amarillo v. Hancock,* 150 Tex. 231, 239 S.W.2d 788, 790 (1951). When a cause of action is derived from a statute, the statutory provisions are mandatory and exclusive and must be complied with in all respects or the action is not maintainable, for lack of jurisdiction. *Saida II,* at 646; *Mingus v. Wadley,*

115 Tex. 551, 285 S.W. 1084, 1087 (1926); *Butler v. State Board of Education,* 581 S.W.2d 751, 754 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Therefore, aggrieved parties who wish to appeal the Commissioner's decision must do so in compliance with the TCNA, which must be read in conjunction with APTRA § 19(b).

The District did not follow the statutory prerequisites for review. The TCNA provides in § 21.207 that either party "may" appeal the Commissioner's decision, but if they do so it must be to a Travis County District Court. The decision to appeal is optional, but the place of trial is jurisdictional. *Mingus,* 285 S.W. at 1087. *Rowden v. Texas Catastrophe Property Insurance Association,* 677 S.W.2d 83, 87–88 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). Section 19(b) of the APTRA mandates that the petition be filed in a district court in Travis County unless otherwise provided by statute. A reading of these sections together is determinative of the mandatory and exclusive requirement that an appeal, if pursued, must be filed in Travis County District Court and that the Commissioner of Education must be named as a party. As neither was done in this case, the District did not invoke the jurisdiction of the Hood County court.

The District claims and the court of appeals held that in matters involving administration of school law, a party need not exhaust all administrative remedies when there are pure questions of law involved. *See Calvin v. Koltermann, Inc. v. Underream Piling Co.,* 563 S.W.2d 950, 955 (Tex. Civ.App.—San Antonio 1977, writ ref'd n.r. e.); *Benavides Independent School District v. Guerra,* 681 S.W.2d 246, 248 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.). The court of appeals further held that the Commissioner of Education did not have power to determine the legality of an employment contract or the party's legal rights, and that questions of reassignment and the retroactive application of a district's probationary policy are purely questions of law. *See Board of Trustees of Crystal City Independent School District*

*v. Briggs,* 486 S.W.2d 829, 835 (Tex.Civ. App.—Beaumont 1972, writ ref'd n.r.e.).

Generally, the doctrine of exhaustion of administrative remedies does not apply when there are purely questions of law involved. However, since the TCNA is the enabling statute that provides for the interpretation of term contracts between school districts and teachers and for appellate procedures, it is clearly within the Commissioner's power to determine a teacher's statutory rights, which may include reassignment in the "same professional capacity," and the application of a district's probationary policy to that teacher. *See* § 21.204(b). The interpretation of the rights of the parties pursuant to these contracts is not a pure question of law.

The authorities relied upon by the District and court of appeals are distinguishable as applied to contracts governed by the TCNA. The *Benavides* court did not require exhaustion of administrative remedies in order for a principal to request an injunction in district court for enforcement of his employment contract, as he had exhausted the remedies set out in the BISD policy manual and there were no questions of fact to be resolved. 681 S.W.2d at 248–49. However, the principal's contract was executed before the enactment in 1981 of the TCNA and therefore was governed by § 11.13 which does not provide a statutory framework for the Commissioner's legal determinations, as is now provided by the TCNA.

Similarly, *Calvin* and *Briggs* are pre-TCNA cases and are further distinguishable. *Calvin* involved an action brought by subcontractors pursuant to a contract with the general contractor who was a party to a contract with the district. The subcontractors were not aggrieved by school laws or the board's decisions and therefore were not required to exhaust all administrative remedies. 563 S.W.2d at 954–955. The question of reassignment, which was held by the *Briggs* court to be one of law under terms of the contract, is now incorporated in the TCNA and as such,

is again subject to the Commissioner's determinations.

▮ Further, the agency findings as to contractual rights must be considered final and binding, when there is no appeal taken from the decision. *Borger Independent School District v. Dickson,* 52 S.W.2d 505, 507 (Tex.Civ.App.—Amarillo 1932, writ ref'd). Finally, a declaratory judgment would only be proper if the Commissioner lacked jurisdiction to consider the suit. *See City of Sherman v. Public Utility Commission,* 643 S.W.2d 681 (Tex.1983).

▮ The District did not follow the mandatory and exclusive statutory requirements for judicial review. The District responds that Grounds did not object to the jurisdiction of the Hood County District Court. While the better practice would have been to file and have a hearing on a plea challenging the jurisdiction of the Hood County court, lack of jurisdiction is fundamental error and may be raised before this court for the first time. *See W.J. McCauley v. Consolidated Underwriters,* 157 Tex. 475, 304 S.W.2d 265 (1957). Therefore, the court of appeals erroneously assumed jurisdiction of the case. *Baker v. Hansen,* 679 S.W.2d 480, 481 (Tex.1984).

The judgment of the court of appeals is reversed and the order of the State Commissioner of Education is reinstated.