**CENTRAL EDUCATION AGENCY and Plano Independent School District, Petitioners,**

v.

**John T. BURKE, Respondent.**

No. C–4959.

Supreme Court of Texas.

June 4, 1986.

Jim Mattox, Atty. Gen., George Arlon Warner, Jr., Austin, Henry D. Akin, Jr., Akin & Akin, Lynn Bailey Miller, Akin & Akin, Dallas, for petitioners.

Leonard J. Schwartz, Schwartz, Waterman, Fickman & Van Os, Deats, Mr. B. Craig, Fickman, Van Os, Waterman, Dean & Moore, Austin, for respondent.

PER CURIAM.

This action began as an administrative appeal brought by John T. Burke pursuant

to the Term Contract Nonrenewal Act (TCNA), Tex. Educ. Code Ann. §§ 21.201–21.211 (Vernon Supp.1986), in which Burke sought review of a decision by the board of trustees of the Plano I.S.D. to not renew his teaching contract with the district. The Commissioner of Education of the State of Texas affirmed the decision of nonrenewal made by the district's board of trustees. Burke brought suit in the Travis County District Court seeking review of the Commissioner's decision. The trial court granted a summary judgment for the Central Education Agency (CEA)[1] and the Plano I.S.D. On appeal, the court of appeals reversed and remanded the case to the trial court. 701 S.W.2d 306. We grant the applications for writ of error, and pursuant to Tex.R.Civ.P. 483, without hearing oral argument, we reverse the judgment of the court of appeals and remand this cause to that court for review of the sole point of error submitted by Burke in his brief.

The only issue presented by the motion for summary judgment and response in the trial court was whether Burke's motion for rehearing, filed with the State Board of Education, was sufficiently specific to preserve his arguments for review by the trial court. The trial court held that Burke's motion for rehearing was *not* sufficiently specific to preserve his arguments for review and rendered summary judgment in favor of the CEA and school district. The court of appeals reversed the summary judgment on grounds neither raised in the trial court in opposition to the CEA's summary judgment motion, nor presented to the court of appeals.

■ An appellate court is not authorized to reverse a trial court's judgment in the absence of properly assigned error. *State Board of Insurance v. Westland Film Industries,* 705 S.W.2d 695, 696 (Tex.1986). Issues not expressly presented to the trial court may not be considered on appeal as grounds for reversal of a summary judg-ment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 675 (Tex.1979). *See also* Tex.R.Civ.P. 166–A(c).

In its motion for summary judgment in the trial court, the CEA argued that Burke's motion for rehearing, filed with the State Board of Education, was insufficiently specific to preserve Burke's allegations of error for review by the trial court. In reply, Burke argued only that his motion was sufficiently specific under the standard set forth in our opinion in *Suburban Utility Corporation v. Public Utility Commission,* 652 S.W.2d 358 (Tex.1983). The trial court rendered summary judgment for the CEA and Plano I.S.D.

In his appellate brief before the court of appeals, Burke presented only one point of error, which related solely to Burke's contention that his motion for rehearing was sufficiently specific. Despite the narrow scope of Burke's appeal, the court of appeals reversed the trial court's rendition of summary judgment, holding that section 16(e) of the Administrative Procedure and Texas Register Act (APTRA), Tex.Rev.Civ. Stat.Ann. art. 6252–13a (Vernon Supp. 1986), which makes a motion for rehearing a prerequisite to an appeal from a final agency decision or order, does not apply to administrative appeals brought pursuant to the TCNA. 701 S.W.2d at 314.

■ Burke argues that the court of appeals properly determined, *sua sponte,* the applicability of APTRA to appeals in TCNA cases under the doctrine of fundamental error. However, "[f]undamental error survives today only in rare instances in which the record shows on its face that the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or Constitution of Texas." *Texas Industrial Traffic League v. Railroad Commission,* 633 S.W.2d 821, 823 (Tex.1982). *See also Grounds v. Tolar I.S.D.,* 707 S.W.2d 889 (Tex.1986) (holding a party's failure to

---

1. The Central Education Agency consists of the State Board of Education, the State Board of Vocational Education, the State Commissioner of Education, and the State Department of Edu-cation. It is responsible for carrying out the educational functions assigned it by the Legislature. Tex. Educ. Code Ann. § 11.01 (Vernon Supp.1986).

meet the APTRA's jurisdictional requirements to be fundamental error in *an appeal in a TCNA case*). Furthermore, our opinion in *Grounds* expressly recognizes that a party aggrieved by a decision of the State Commissioner of Education *in a TCNA case* must comply with the APTRA in order to seek judicial review of that decision. *Id.* at 892.

The court of appeals reversed the trial court's summary judgment on grounds not properly before it. Additionally, Tex.R. Civ.P. 166–A(c) precludes Burke from raising those grounds on appeal because he did not present them to the trial court in opposition to the CEA's motion for summary judgment. The doctrine of fundamental error has no applicability in the present case. In reversing the summary judgment on issues unrelated to the sole question before the trial court, the court of appeals' decision violates Rule 166–A(c) and conflicts with our opinions in *Clear Creek* and *Grounds*.

Consequently, we grant the applications for writ of error, and, pursuant to Tex.R. Civ.P. 483, without hearing oral argument, we reverse the judgment of the court of appeals and remand the cause to that court for review of the only point of error properly before it.