Gary GROUNDS, Appellant,

v.

**TOLAR INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 2–89–198–CV.

Court of Appeals of Texas, Fort Worth.

March 22, 1994.

Rehearing Overruled April 26, 1994.

Jefferson K. Brim, III, Richard L. Arnett, Brim & Arnett, Austin, for appellant.

Andrew Ottaway, Granbury, for appellee.

Before HILL, C.J., and LATTIMORE, J.

## OPINION ON REMAND

LATTIMORE, Justice.

Appellant, Gary Grounds, appeals from the granting of a motion for "directed verdict" that he take-nothing from appellee Tolar Independent School District ("Tolar I.S.D."). Appellant had sued Tolar I.S.D. for damages resulting from an alleged deprivation of due process. The trial court found that a due process violation had occurred, but found no evidence of damages arising from the failure to give due process. On appeal, Grounds raises three points of error contending that the trial court erred in: (1) granting the motion for directed verdict; (2) failing to award damages for the denial of due process; and (3) failing to grant attorney's fees. In an opinion published at 827 S.W.2d 10 (Tex. App.—Fort Worth 1992), we affirmed the trial court on the alternate ground that the Term Contract Nonrenewal Act ("TCNA"), TEX.EDUC.CODE ANN. §§ 21.201–21.211 (Vernon 1987), did not grant teachers a constitutional property interest. The Texas Supreme Court granted writ and reversed, holding that TCNA did grant teachers a property interest, and remanded to this court for consideration of previously unaddressed points of error two and three.

On remand we again affirm the trial court, because the trial court's finding of no damages arising out of the due process violation was not against the great weight and preponderance of the evidence, but reform the judgment to award nominal damages of $1.00. We affirm the trial court's denial of attorney's fees.

The facts are not seriously disputed by either party. Grounds was a teacher and head football coach for Tolar I.S.D. in the 1983–84 school year. After a losing season in the fall of 1983, Grounds had a meeting about his performance as coach in December 1983. He was notified in February of 1984 that his contract would not be renewed. Grounds' request for a hearing and notice of the reasons for nonrenewal was denied. The State Commissioner of Education granted relief in Grounds' appeal and ordered the school district to reinstate him for the 1984–85 school year in the same professional capacity. At that point, Tolar I.S.D. filed suit in district court, seeking not to appeal the ruling of the Commissioner, but a declaratory judgment that Grounds was a probationary employee.

Before the case came to trial, however, the school district notified Grounds he would be reassigned as a teacher only, with no coaching duties, for the next year. This time he was provided with a notice and hearing. Grounds was represented by an attorney at the hearing, and the reasons for his nonre-

newal as coach were discussed, with Grounds offering explanations for each of the violations that were listed in the notification letter. Grounds again appealed to the Commissioner of Education who found for him again and held, in October of 1988, that the district had violated his contract by not reassigning him to the same duties. In the meantime, the declaratory judgment suit went to trial and the district court found for Tolar I.S.D. Grounds appealed to this court, which affirmed. *Grounds v. Tolar Indep. Sch. Dist.*, 694 S.W.2d 241 (Tex.App.—Fort Worth 1985). The Texas Supreme Court then granted writ and reversed, holding the district court lacked jurisdiction since the school district could not collaterally attack the first administrative order of the Commissioner of Education. *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 890 (Tex.1986).

The parties entered into a settlement of the breach of contract claims after the Commissioner of Education made the October 1988 findings. A partial motion to dismiss was filed and granted, leaving the claim that Tolar I.S.D. had denied Grounds due process. This claim was tried to the court. At the close of the plaintiff's evidence, the defendant school district moved for "directed verdict." The court granted the motion, stating:

> I'm going to grant defendant's motion for directed verdict. I find there has been due process in connection with this matter from its inception; and I am unable to find any damages that were incurred by the plaintiff in this cause, even if there wasn't due process. I can't find any damages that grew out of the alleged lack of due process, and I am going to grant defendant's motion for directed verdict.

In his findings of fact and conclusions of law, however, the trial judge held in part that denial of a hearing on the nonrenewal of Grounds' contract in 1984 was a denial of due

process, and that Grounds suffered no damages prior to the time the Commissioner ordered the contract renewed. Grounds no longer works as a teacher or coach; instead he is an account executive marketing insurance to educators.

■ In his first point of error, Grounds contends the trial court erred in granting the motion for directed verdict[1] because the failure of appellee to give him due process was established as a matter of law. The statute regulating teachers' employment contracts is the Term Contract Nonrenewal Act, TEX. EDUC.CODE ANN. §§ 21.201–21.211 (Vernon 1987). The trial court found in conclusion of law number two that the violation of the TCNA by Tolar I.S.D. constituted a denial of due process. We previously held that notwithstanding that violation, the TCNA did not grant teachers a constitutional property interest. The Texas Supreme Court reversed, holding that the TCNA does create such a protected property interest in employment beyond the contract term as to entitle Grounds to seek damages for violation of his civil rights. However, this does not imply that the trial court erred in granting the motion for judgment. The trial court's granting of the motion for judgment was proper if Grounds failed to prove damages arising out of the due process violation. We thus must consider the trial court's damage finding, which Grounds argues in point of error two.

■ In his second point of error, Grounds contends that the trial court erred in failing to award him damages for the denial of due process because the court's damage findings were against the great weight and preponderance of the evidence. Findings of fact entered in a case tried to the court are of the same force and dignity as a jury's verdict upon special issues. *City of*

---

1. In a trial to the court, there is no such thing as a "directed verdict," since there is no jury to "direct" or instruct. The proper procedure is to file a motion for judgment at the close of the plaintiff's case, asking the trial court to proceed to judgment in favor of the defendant. A motion for judgment is equivalent to a motion for directed verdict in a jury trial, *Qantel Business Sys. v. Custom Controls*, 761 S.W.2d 302, 303 (Tex. 1988), and we will review this point of error by

that standard. Evidence will be examined in the light most favorable to the party against whom the verdict was rendered and all contrary evidence will be disregarded. *Id.* Although a trial judge may not be required to make findings of facts and conclusions of law where there has been a directed verdict in a jury trial, he may do so with a motion for judgment in a nonjury trial. *Id.* at 304.

*Clute v. City of Lake Jackson,* 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them, *First Nat. Bank in Dallas v. Kinabrew,* 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.), by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *Okon v. Levy,* 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). In reviewing a point of error asserting that a finding is "against the great weight and preponderance" of the evidence, we must consider and weigh all of the evidence, both the evidence which tends to prove the existence of a vital fact as well a evidence which tends to disprove its existence. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (per curiam); *Ford Motor Co. v. Nowak,* 638 S.W.2d 582, 585 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). So considering the evidence, if a court's fact finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should be sustained, regardless of whether there is some evidence to support it. *Watson v. Prewitt,* 159 Tex. 305, 320 S.W.2d 815, 816 (1959) (per curiam); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951) (per curiam). Findings of fact are the exclusive province of the jury and/or trial court. *Bellefonte Underwriters Ins. Co. v. Brown,* 704 S.W.2d 742, 744–45 (Tex.1986). A court of appeals cannot make findings of fact, it can only "unfind" facts. *Id.*

Here, the trial court made the following findings of fact:

16. Defendant's failure to provide a hearing for Plaintiff following its decision to nonrenew his contract in February of 1984 constitutes a denial of due process under the Term Contract Nonrenewal Act.

17. Defendant's denial of due process to Plaintiff was based on a good faith reliance upon advice of counsel retained by Defendant.

18. Plaintiff suffered no damages from the time he was notified of Defendant's intention to nonrenew his contract for the school year 1984–85 until his appeal was granted by the Commissioner of Education on May 14, 1984.

. . . .

20. Plaintiff suffered no damages as a result of Defendant's breach of Plaintiff's employment contract by the attempted reassignment of his duties.

21. Even if Plaintiff suffered damages as a result of the "reassignment," such damages would be contractual in nature and the Settlement Agreement signed by the parties would dispose of any claim for such damages.

Thus, the trial court found that there was no evidence of damages resulting from the due process violation. Grounds contends that due process violation "compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as 'impairment of reputation ...,' personal humiliation, and mental anguish and suffering,'" quoting *Memphis Community Sch. Dist. v. Stachura,* 477 U.S. 299, 307, 106 S.Ct. 2537, 2543, 91 L.Ed.2d 249, 259 (1986). Grounds further argues that a breach of contract settlement does not include damages for loss of earning capacity, mental anguish, and injury to professional reputation, citing *Myrtle Springs Reverted Indep. Sch. Dist. v. Hogan,* 705 S.W.2d 707 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.), *cert. denied,* 480 U.S. 906, 107 S.Ct. 1350, 94 L.Ed.2d 520 (1987). While it is true that Grounds introduced some evidence of damages, it does not necessarily follow that those alleged damages flow from the due process violation, even if they are not recoverable under a breach of contract cause of action. Tort damages could flow out of the defendant's actions apart from the due process violation. Those tort damages would not be recoverable, however, because of sovereign immunity. *Hogan,* 705 S.W.2d at 710. The determination of the source of damages alleged, either from the breach of contract, the due process violation, or some other common law tort, is thus critical to analysis of the trial court's grant of judgment.

Evidence presented at trial concerning damages was as follows: Grounds testified that in seeking a new coaching job, he was

seen as "damaged goods" because he was fired from his coaching position, and because of the ongoing litigation. He stated that if he had gotten an immediate hearing, which would have settled his employment status with Tolar I.S.D., he would have been free to seek other coaching employment. He stated that his children had been heckled by other children, but did not state the cause of this heckling. On cross-examination, Grounds testified as follows concerning the cause of the damages he sustained:

[DEFENSE COUNSEL:] Now, you say that you have damages that result from them not following proper procedures; is that right?

[GROUNDS:] I would agree with that statement.

[DEFENSE COUNSEL:] How much of what you think is damages is from just not being renewed, not having a contract the next year?

[GROUNDS:] Well, I think that's the core of the whole thing. I would have to say both.

[DEFENSE COUNSEL:] So not getting renewed is not as bad as not getting renewed the correct way?

[GROUNDS:] The lesser of two evils, I would say.

[DEFENSE COUNSEL:] All right. Now, if you would have gotten a hearing, would they have rehired you?

[GROUNDS:] I guess that's speculation on both our parts.

Grounds testified that he had suffered mental anguish because he had difficulty feeding his family in the last quarter of 1984 and the first quarter of 1985. On cross-examination he testified he made $18,000 to $19,000 as a teacher/coach in 1983, but made $26,000 in 1984, $40,000 in 1985 and 1986, and $45,000 in 1987 and 1988 as a truck driver or insurance salesman. Grounds testified that he had not formally applied for another coaching position, and that no school district had refused to hire him. Grounds settled his contract claim with the school district, and received a full years salary for the 1984–85 school year, as well as attorney's fees.

■ In reviewing the testimony presented at trial, we find nothing that proves damages directly arising from the due process violation. Grounds's alleged loss of earning capacity, and mental anguish arising out of his difficulty in feeding his family after losing his coaching job, were effectively rebutted by testimony that he earned far more after his dismissal as coach. The testimony indicated that his loss of reputation as a coach arose from the loss of his coaching job, and the continuing litigation, and not from the lack of a post-notice hearing required under TCNA. The claims that he suffered mental anguish because he was no longer able to continue his lifelong dream of becoming a coach, because he was questioned why he was fired, and because his family was uncertain as to where they would move, all flow directly from the reassignment decision and Ground's own decision to refuse the reassignment. Grounds testified that he had not sought another coaching position. The heckling that his children sustained most likely arose from his record as coach and his subsequent reassignment as a teacher, and not from a procedural violation. We hold that the trial court's finding on damages was not against the great weight and preponderance of the evidence.

■ Since the trial court's judgment in July 1989, the Supreme Court has held that the award of nominal damages is mandatory when the plaintiff establishes a procedural due process violation but fails to prove actual injury. *Farrar v. Hobby,* 506 U.S. ——, ——, 113 S.Ct. 566, 573, 121 L.Ed.2d 494, 504 (1992). Thus, the trial court should have awarded nominal damages to Grounds to compensate him for the violation of his due process rights. *Grounds v. Tolar Indep. Sch. Dist.,* 856 S.W.2d 417, 424 (Tex.1993) (Gonzales, J., concurring). We thus reform that portion of the judgment of the trial court in which no damages were awarded, to award Grounds nominal damages of $1.00. In all other respects, points of error one and two are overruled.

■ In his third point of error, Grounds contends that the trial court erred in failing to grant attorney's fees to him. Under 42 U.S.C. § 1988, the trial court may award in its discretion reasonable attorney's

fees to a prevailing party in an action brought under 42 U.S.C. § 1983. A plaintiff who wins nominal damages is a prevailing party under section 1988. *Farrar*, 506 U.S. at ——, 113 S.Ct. at 573, 121 L.Ed.2d at 504. However, when a plaintiff recovers only nominal damages because of a failure to prove an essential element of his claim for monetary relief, a finding that no fee is warranted is proper. *Id.* at ——, 113 S.Ct. at 574, 121 L.Ed.2d at 506. Here, the trial court did not award any damages. Even with our reformation of the judgment awarding nominal damages, the award of attorney's fees is not reasonable. Point of error three is overruled.

The judgment of the trial court is affirmed in part, and reformed in part to award $1.00 in nominal damages for denial of due process.