IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-269-CV





WILMER-HUTCHINS INDEPENDENT SCHOOL DISTRICT,



 APPELLANT


vs.





LIONEL R. MENO, COMMISSIONER OF EDUCATION; CENTRAL EDUCATION


AGENCY; THOMAS E. ANDERSON, JR., INTERIM COMMISSIONER


OF EDUCATION; AND BOBBY WILLIAMS,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 91-13503, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 





PER CURIAM

 Appellant Wilmer-Hutchins Independent School District seeks to appeal from a
trial-court judgment awarding appellee Bobby Williams damages on a breach-of-contract claim. 
We will affirm the trial court's judgment.



I. BACKGROUND


 In March 1987, the board of trustees of Wilmer-Hutchins Independent School
District (WHISD) failed to renew appellee Bobby Williams' contract as an associate
superintendent. The Term Contract Nonrenewal Act (TCNA), Tex. Gov't Code Ann. art.
21.201, .203(a) (West 1987). In its notice to Williams, WHISD stated it was reducing central administrative staff because of lower enrollment and funding. Williams appealed the board's
decision to the Commissioner of Education (the "Commissioner") of the Central Education
Agency (the "CEA"). TCNA, §§ 11.13, 21.207 (West 1987 & 1991).

 The Commissioner found that the board did not consider a written evaluation of
Williams' performance before deciding to not to renew his contract and made a conclusion of law
that this violated the TCNA, §§ 21.202, & .204(a). (1) The Commissioner further found that the
board did not consider whether other positions were open in the district for which Williams was
qualified. The Commissioner concluded that these board actions were arbitrary and capricious
and that Williams' appeal should be granted. The Commissioner awarded Williams the salary
benefits of reinstatement in the same professional capacity for the succeeding school year.

 In his motion for rehearing, Williams challenged the remedy the Commissioner
awarded. Williams argued that he was entitled to reinstatement, compensation, and other related
benefits attendant to his employment with WHISD, dating back to the date the board failed to
renew his contract. First, Williams motion for rehearing recited that if the Commissioner's
decision that "Petitioner is entitled to salary benefits of reinstatement in the same professional
capacity for the succeeding school year" included the relief he prayed for, the decision was not
in error. Alternatively, Williams argued that he was entitled to the requested relief as damages
for common-law breach of contract on the theory that WHISD breached its contractual obligations
to Williams when it wrongfully terminated his employment. 

 In his decision on rehearing, the Commissioner, relying on this Court's opinion in
Cypress-Fairbanks Independent School District v. Texas Education Agency, 797 S.W.2d 336 (Tex.
App.--Austin 1990), (2) rev'd, 830 S.W.2d 88 (Tex. 1992), strictly construed his authority to grant
a remedy as limited to that provided under TCNA section 21.204(b), and ordered Williams
employed in the same capacity for the succeeding school year. Both WHISD and Williams filed
timely motions for rehearing. 

 On September 25, 1991, Williams filed suit in district court. Williams sought
judicial review of the Commissioner's order and alleged a breach-of-contract cause of action. The
district court granted Williams partial summary judgment on the issue whether WHISD breached
Williams' contract. The court then heard evidence and rendered a final judgment (1) affirming
the Commissioner's decision in all respects; (2) awarding Williams damages on his breach-of-contract claims; (3) awarding Williams pre- and post-judgment interest, attorney's fees, and costs;
and (4) ordering WHISD to reinstate Williams as an assistant superintendent. WHISD appeals
from this judgment.



II. DISCUSSION


 In point of error one, WHISD asserts that the trial court erred in granting partial
summary judgment on a breach-of-contract claim because material fact issues exist and plaintiff
Williams is not entitled to summary judgment as a matter of law. The standards for reviewing
a motion for summary judgment are well established. The movant for summary judgment has the
burden of showing that no genuine issue of material fact exists and that it is entitled to judgment
as a matter of law. In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the nonmovant will be taken as true. This Court must indulge
every reasonable inference in favor of the nonmovant and resolve any doubts in his favor. Nixon
v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 



A.  WHISD Failed to Preserve Certain Issues for Review on Appeal

 In his motion for partial summary judgment, Williams' pleaded he was entitled to
summary judgment on the issue of liability on his breach-of-contract claim because WHISD: (1)
failed to consider his performance evaluations before nonrenewing his contract, in violation of the
TCNA; and (2) failed to consider Williams for other positions for which he was qualified. WHISD argues that the consideration of a teacher's evaluation before any decision
is made to nonrenew is appropriate only if the decision to nonrenew a term contract is based upon
a teacher's work performance reflected in such evaluation. WHISD argues that its decision to
nonrenew was based on reasons unrelated to performance (e.g., the need to reduce personnel
because of loss of enrollment and funding, and changes in program) and, thus, it is ludicrous to
require the district to go through the hollow exercise of considering a teacher's evaluation when
the reasons for nonrenewal are not related to performance. WHISD argues that consideration of
Williams' performance evaluation would have had no effect on the decision to nonrenew. 
Therefore, the Commissioner acted arbitrarily and capriciously in requiring WHISD to consider
Williams' performance evaluation. 

 WHISD did not raise these arguments in its response to Williams motion for partial
summary judgment. Accordingly, we will not consider them on review of the trial court's order
granting partial summary judgment. Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 676 (Tex. 1979) (issues not expressly presented to the trial court
by written motion, answer, or other response shall not be considered on appeal as grounds for
reversal); Tex. R. App. P. 52(a).



B.  Requirement That Board Consider Performance Evaluations

 Moreover, as a matter of law, WHISD was required to review Williams'
performance evaluation before deciding not to renew his contract. The TCNA defines "teacher"
to include a superintendent. TCNA, § 21.201 (West 1987). Section 21.202 expressly provides
that:



The board of trustees of each school district shall provide by written policy for the
periodic written evaluation of each teacher in its employ at annual or more frequent
intervals. Such evaluation shall be considered by the board of trustees prior to any
decision by the board not to renew the term contract of any teacher. 


TCNA, § 22.202 (West 1987). The statute clearly required the board to consider Williams'
performance evaluation before it decided not to renew his contract. If the legislature had intended
to except from this requirement nonrenewals due to reduction in force, it could have so indicated
in the statute. (3) The legislature did not. 



C.  Failure to Consider Williams for Other Positions

 WHISD next assails the Commissioner's finding that the board acted arbitrarily and
capriciously when it failed to consider whether other positions were available in the district for
which Williams was qualified. WHISD also argues that the Commissioner acted arbitrarily and
capriciously in denying WHISD's second motion for leave to file additional evidence related to
the issue of Williams being considered for other positions. WHISD further argues that it was
contractually bound by the terms of Williams contract not to consider Williams for any position
other than associate superintendent. We need not address these arguments, because the
Commissioner's determination that WHISD wrongfully decided not to renew Williams' contract
can be sustained based on the Commissioner's finding that WHISD acted arbitrarily and
capriciously when it decided not to renew Williams' contract without first considering his
performance evaluation.



D.  Other Alleged Fact Questions

 Next, WHISD argues Williams is not entitled to judgment as a matter of law on his
breach of contract claim, because (1) after the supreme court's decision in Grounds v. Tolar
Independent School District, 707 S.W.2d 889, 891 (Tex. 1986), the Commissioner is without
authority to provide Williams more relief than the statutory relief provided in TCNA section
21.204(b) and, thus, Williams has no recognized common-law claim for breach of contract; and
(2) the district court's power under substantial-evidence review is limited (4) and, as a matter of law,
the court could not grant Williams any remedy not specifically recognized or granted by the
Commissioner in his specific findings, especially in the absence of any pleading or evidence by
Williams that the Commissioner's decision was illegal, arbitrary or capricious, or not supported
by substantial evidence. Specifically, WHISD cites Grounds for the proposition that when a cause
of action is derived from a statute, the statutory provisions are mandatory and exclusive and must
be complied with in all respects or the action is not maintainable. See Grounds, 707 S.W.2d at
891. WHISD argues that after Grounds, Williams' only recourse for wrongful nonrenewal of his
contract is that provided by the TCNA and the only remedy to which Williams is entitled under
the TCNA is that provided in section 21.204(b). Thus, argues WHISD, Williams has no
common-law cause of action for breach of contract. We disagree.



 (1) A Cause of Action for Breach of Contract Exists & Williams Established That
WHISD Breached His Contract As A Matter of Law

 The protections of the Term Contract Nonrenewal Act were a part of Williams'
employment contract even though these protections were not expressly written into the contract. 
Laws which subsist at the time and place of the making of a contract form a part of it, as if they
were expressly referred to or incorporated in its terms. Central Educ. Agency v. George West
Indep. Sch. Dist., 783 S.W.2d 200, 201-02 (Tex. 1989). These protections were a material part
of Williams' contract, which the district could not unilaterally abrogate without committing a
breach. Id. at 202. Although these protections are statutorily derived, they exist as a term of the
contract between the school district and the employee. 

 In his petition for review to the Commissioner, Williams alleged that his contract was
wrongfully nonrenewed because the WHISD board of trustees failed to consider Williams'
performance evaluation in violation of board policy and state law. See TCNA § 21.202 (West
1987). Williams' summary-judgment proof included a true and correct copy of the
Commissioner's decision on Williams' appeal of the board's failure to renew his contract. The
Commissioner's decision recites the Commissioner's finding that the WHISD board of trustees
failed to consider Williams' performance evaluation before deciding not to renew his contract. 
The Commissioner concluded that the board's action in failing to consider the evaluation was
arbitrary and capricious. Thus, Williams has a cause of action for breach of contract based on
WHISD's failure to obey the TCNA, and established WHISD breached his contract as a matter
of law.



 (2) Neither Grounds nor TNCA Limit Williams' Recovery to Remedy in Section
21.204(b)

 At all times relevant to this cause, the TCNA required the board of trustees to give
timely written notice of a proposed nonrenewal. (5) Section 21.204(b) provides:



In the event of failure to give such notice of proposed nonrenewal within the time
herein specified, the board of trustees shall thereby elect to employ such employee
in the same professional capacity for the succeeding school year.



TCNA, § 21.204(b) (West 1987). 

 Grounds recites, in pertinent part:



Since the TCNA is the enabling statute that provides for the interpretation of term
contracts between school districts and teachers and for appellate procedures, it is
clearly within the Commissioner's power to determine a teacher's statutory rights,
which may include reassignment in the "same professional capacity,". . . .



Grounds, 707 S.W.2d at 891-92.

 Grounds does not limit Williams' remedy to that provided under section 21.204(b). 
The language in Grounds is permissive, not mandatory, and it implies that other remedies exist. 
Additionally, section 21.204(b) applies to the board of trustee's failure to give the notice required
in section 21.204(a). The facts in this case do not involve the board's failure to give Williams
timely notice that the board was considering nonrenewing his contract.

 With the exception of the remedy for failure to provide timely notice of the
proposed nonrenewal, the TCNA is silent regarding the relief available to a teacher when due
process or contractual rights are violated because of a failure to adhere to the TCNA. This does
not mean Williams is without a remedy if he suffers damages. Rather, we believe it means that
the forum in which Williams must pursue his claims for damages is not administrative, but
judicial. See Cypress-Fairbanks, 830 S.W.2d at 91 (commissioner of education is without
authority to grant damages or injunctive relief); Central Educ. Agency v. George West Indep. Sch.
Dist., 783 S.W.2d 200, 201-02 (Tex. 1989) (protections of TCNA are part of employment
contract; district may not unilaterally abrogate protections without committing a breach); Grounds
v. Tolar Indep. Sch. Dist., 872 S.W.2d 823, 827 (Tex. App.--Fort Worth 1994, writ denied)
(award of nominal damages is mandatory when plaintiff-teacher establishes procedural-due-process
violation, but fails to prove actual injury; court of appeals awarded damages district court should
have awarded); Kawasaki Motors Corp. v. Texas Motor Vehicle Comm'n., 855 S.W.2d 792, 799
(Tex. App.--Austin 1993, no writ) (agency enforcement and adjudicative powers cannot be
implied); Grounds v. Tolar Indep. Sch. Dist., 827 S.W.2d 10, 12 (Tex. App.--Dallas 1992)
(teachers have cause of action for breach of contract when school districts fail to obey TCNA),
rev'd on other grounds, 856 S.W.2d 417, 420 (Tex. 1993) (TCNA specifically designed to give
teachers due-process rights when district decides not to renew teachers employment contract);
Pasadena Indep. Sch. Dist. v. Emmons, 586 S.W.2d 151, 152 (Tex. Civ. App.--Houston [1st
Dist.] 1979, writ dism'd) (petitioner not required to first seek from commissioner of education
injunctive relief staying enforcement of board order when neither Texas Education Code nor APA
expressly authorize commissioner to issue injunction or stay order; held, district court had
jurisdiction to entertain petition for temporary injunction). 


 

 (3) District Court Is The Appropriate Forum to Seek Damages

 Administrative agencies and officials have no "inherent" powers. They receive
government power by delegation from the Legislature, except in a few instances of constitutional
delegation not applicable here, and they have no power outside the legislative grant. They may
exercise only those powers conferred upon them by law in clear and express statutory language,
for no additional authority will be implied by judicial construction, and they may not create for
themselves any new and additional power in excess of that granted. Cypress-Fairbanks, 797
S.W.2d at 340.

 Section 21.207 of the TCNA provides:



(a) If a teacher is aggrieved by the decision of the board of trustees, he may
appeal to the State Commissioner of Education pursuant to Section 11.13 of
this Code. The commissioner may not substitute his judgment for that of the
board of trustees, unless the decision below was arbitrary, capricious,
unlawful, or not supported by substantial evidence.


(b) Either party may appeal the commissioner's decision to a district court in
Travis County.



TCNA, § 21.207(a), (b) (West 1987).

 Section 11.13 provides, in relevant part:



(a) [P]ersons having any matter of dispute among them arising under the school
laws of Texas or any person aggrieved by the school laws of Texas or by
actions or decisions of any board of trustees or board of education may appeal
in writing to the commissioner of education, who, after due notice to the
parties interested, shall hold a hearing and render a decision without cost to
the parties involved, but nothing contained in this section shall deprive any
party of any legal remedy.


(c) Any person, county, or school district aggrieved by any action of the Central
Education Agency or decision of the commissioner of education may appeal
to a district court in Travis County, Texas. . . . Upon trial the court shall
determine all issues of law and fact, . . . .



TCNA, § 11.13 (a), (c) (West 1991) (emphasis added). 

 The TCNA does not expressly authorize the CEA through its Commissioner to
award Williams damages resulting from WHISD's wrongful nonrenewal of his contract. 
Moreover, the adjudication of Williams' breach-of-contract claim is not necessary to the
Commissioner's determination whether Williams' contract was wrongfully nonrenewed in
violation of his due-process rights and, thus, is not an adjudicative power implied as necessary
for the agency to achieve its statutory purpose. See Kawasaki, 855 S.W.2d at 798 (agency may
not, on a theory of necessary implication from a specific power, erect and exercise new and
additional power).

 Williams was required to appeal to the Commissioner the board's decision to
nonrenew his contract. Once Williams exhausted his administrative remedies at the agency level
regarding the issue whether WHISD wrongfully nonrenewed his contract, Williams could then
bring in the district court his cause of action for breach of contract. (6) Williams' remedies for his
common-law breach of contract cause of action in the district court are not limited to the remedy
provided in the TCNA. See Myrtle Springs Reverted Indep. Sch. Dist. v. Hogan, 705 S.W.2d
707, 709-10 (Tex. App.--Texarkana 1985, writ ref'd n.r.e.) (specifying damages available based
on a breach of contract claim arising out of wrongful nonrenewal), cert. denied, 480 U.S. 906
(1987). We must now determine whether Williams could, in the same suit, bring his breach-of-contract cause of action and seek review of the Commissioner's order. 



 (4) Review in District Court

 WHISD argues that the district court is limited to substantial-evidence review of
the Commissioner's order and that it cannot award Williams more relief than the Commissioner
granted in his order, especially in the absence of any pleading or evidence by Williams that the
Commissioner's decision was illegal, arbitrary, or capricious, or not supported by substantial
evidence. We agree that review of the commissioner's order is governed by the substantial-evidence standard of review. Tex. Educ. Code Ann. § 21.207(b) (West 1987); APA--Tex. Gov't
Code Ann. § 2001.174 (West Pamph. 1994); Cypress-Fairbanks, 797 S.W.2d 340. WHISD,
however, fails to acknowledge that Williams brought not only a suit for judicial review of the
Commissioner's order, but an independent cause of action for breach of contract. 

 The Commissioner decided only the issue whether WHISD wrongfully failed to
renew Williams contract. The district court tried Williams' cause of action for the breach-of-contract and damages as an original action. Thus, the district court's determination of William's
breach-of-contract claims cannot be characterized as judicial review of the agency's action. (7) 
Accordingly, the district court was not limited to substantial-evidence review of Williams' breach-of-contract claim (8) and could award appropriate relief apart from the relief the Commissioner
awarded. We overrule point of error one.

 In point of error two, the district asserts that the trial court erred in denying
WHISD's pleas to the jurisdiction with respect to any common-law claim for breach of contract
and any damages resulting therefrom. In point of error three, the district asserts that the trial
court erred in granting Williams any remedy other than one year's salary. WHISD's arguments
under these points of error raise nothing not already raised under point of error one. Accordingly,
we overrule points of error two and three. 



III. CONCLUSION


 Finding no reversible error, we affirm the trial court's judgment.


Before Justices Jones, Kidd and B. A. Smith

Affirmed

Filed: January 11, 1995

Do Not Publish
1. [1]  Section 21.202 provides:


The board of trustees of each school district shall provide by written policy for the
periodic written evaluation of each teacher in its employ at annual or more frequent
intervals. Such evaluation shall be considered by the board of trustees prior to any
decision by the board not to renew the term contract of any teacher.


TCNA, § 21.202 (West 1987). Section 21.204(a) provides:


In the event the board of trustees receives a recommendation for nonrenewal, the
board, after consideration of the written evaluations required by Section 21.202 of
this subchapter and the reasons for the recommendation, shall, in its sole discretion,
either reject the recommendation or shall give the teacher written notice of the
proposed nonrenewal on or before April 1 preceding the end of the employment term
fixed in the contract.


Act of May 26, 1981, 67th Leg., R.S., ch.765, § 2, 1981 Tex. Gen. Laws 2847, 2848 (Tex.
Educ. Code Ann. § 21.204(a), since amended).
2. [2]  The Commissioner did not specify the language he relied on in construing his authority to
grant a remedy. We note that the opinion recites that administrative agencies and officials have
no inherent authority outside the legislative grant, and may exercise only those powers conferred
upon them by law in clear and express statutory language. Cypress-Fairbanks Indep. Sch. Dist.
v. Texas Educ. Agency, 797 S.W.2d 336, 340 (Tex. App.--Austin 1990), rev'd on other grounds,
830 S.W.2d 88 (Tex. 1992).
3. [3]  For example the legislature has seen fit to except the district from the requirement that it
receive recommendations from its school administration regarding nonrenewing a teacher when
it is the general superintendent being considered for nonrenewal. See Tex. Educ. Code Ann. §
21.203(c), .208 (West 1987).
4. [4]  WHISD argues that the district court may only affirm the commissioner's decision, either
in whole or in part, or reverse and remand the case for further proceedings if substantial rights
of Williams have been prejudiced because the administrative findings are arbitrary or capricious,
or characterized by abuse of discretion, or are a clearly unwarranted exercise of discretion. See
Administrative Procedure Act--Tex. Gov't Code Ann. § 2001.174 (West 1994) (hereinafter APA).
5. [5]  Former section 21.204(a) provided:


In the event the board of trustees receives a recommendation for nonrenewal, the
board, after consideration of the written evaluations required by Section 21.202 of
this subchapter and the reasons for the recommendation, shall, in its sole discretion,
either reject the recommendation or shall give the teacher written notice of the
proposed nonrenewal on or before April 1 preceding the end of the employment term
fixed in the contract. 


Act of May 26, 1981, 67th Leg., R.S., ch.765, § 2, 1981 Tex. Gen. Laws 2847, 2848 (Tex.
Educ. Code Ann. § 21.204(a), since amended).
6. [6]  We do not address whether Williams was required to raise at the agency level his claim that
he was entitled to damages for breach of contract. See Texas Educ. Agency v. Cypress-Fairbanks
Indep. Sch. Dist., 830 S.W.2d 88, 90 (Tex. 1992) (suggesting that claims may be properly before
the commissioner for some purposes even if the commissioner cannot finally adjudicate them or
grant full relief without overstepping his jurisdictional bounds). See also Roberts v. Hartley
Indep. Sch. Dist., 877 S.W.2d 506, 508 (Tex. App.--Amarillo 1994, writ denied) (terminated
teacher must exhaust administrative remedies before seeking breach of contract damages in district
court). Williams expressly raised the issue in his April 14, 1991, motion for rehearing.
7. [7]  Accordingly, this was not a hybrid trial in which the district court applied two different
standards of review to an agency order or action (mixing a trial de novo with a review under the
substantial evidence rule), which is not permitted. Southwestern Bell Telephone v. Public Util.
Comm'n, 571 S.W.2d 503, 511-12 (Tex. 1978).
8. [8]  In its order granting Williams partial summary judgment, the district court decided only the
question ofWHISD's liability for breach of Williams' contract. The district court held a haring
on the damages issue. The applicable burden of proof on the damages issues was by a
preponderance of the evidence. WHISD does not assert that the district court incorrectly applied
the applicable burden of proof or standard of review.