Affirmed in part, Reversed and Remanded in part, and Majority,
Concurring, and Dissenting Opinions filed May 30, 2006









Affirmed in part, Reversed and Remanded in part, and Majority, Concurring, and
Dissenting Opinions filed May 30, 2006.


 

 

In The

 

Fourteenth Court of Appeals

_______________

_______

 

NO. 14-04-01104-CV

____________

 

CRYSTAL LYNN
BROWN, INDIVIDUALLY AND AS NEXT FRIEND OF MIKAYLA MORRISON, A MINOR; LEROY
ALLEN; DIEDRA DENSON, INDIVIDUALLY AND ON BEHALF OF ADRIAN THOMPSON, JR., A
MINOR; TAMMALA BASZILE; and TAI BASZILE, Appellants

 

V.

 

HEARTHWOOD II
OWNERS ASSOCIATION, INC., Appellee

 



 

On Appeal from the 270th Judicial
District Court

Harris County, Texas

Trial Court Cause No. 2003-35550

 



 

C O N C U R R I N G  
O P I N I O N

 

It
is well established that: (1) we review a summary judgment de novo; and
(2) (although not applicable to this case) when both parties move for summary
judgment on the same issues, and the trial court grants one motion and denies
the other, the reviewing court considers the summary judgment evidence
presented by both sides, determines all 








questions
presented, and if the reviewing court determines that the trial court erred,
renders the judgment the trial court should have rendered.  See, e.g., Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).

However,
what if an appellant fails to assert on appeal a valid ground for reversing the
summary judgment?  It is also well
established that a summary judgment may not be reversed on a ground of error
not asserted in the appellant=s brief.[1]  Yet, taken in the most literal sense, the
standards recited in the preceding paragraph would suggest that an appeals
court not only may conduct a de novo review and reverse based on
that ground, but is arguably obligated to do so (despite that it would
require a court to abandon its position of impartiality); otherwise, what is
meant by framing the standard as a de novo review?

This
case embodies that apparent conflict in that the concurring and dissenting
opinion advocates reversing Hearthwood=s summary judgment based on a lack of
specificity in its motion for summary judgment that was not raised in
appellants= brief.[2]  Until this uncertainty is resolved, appeals
courts will seemingly remain at liberty to treat similarly situated litigants
differently, producing a lack of uniformity in the law, and, thus, on this
aspect, no real law at all.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Plurality, Concurring, and Concurring and Dissenting Opinions filed May 30,
2006.

Panel consists of
Justices Fowler, Edelman, and Guzman. (Guzman, J. Plurality.  Fowler J. Concurring and Dissenting.)











[1]           See,
e.g., Jacobs v. Satterwhite, 65 S.W.3d 653, 655-56 (Tex. 2001); Bonham
State Bank v. Beadle, 907 S.W.2d 465, 470 (Tex. 1995); Vawter v. Garvey,
786 S.W.2d 263, 264 (Tex. 1990); San Jacinto River Auth. v. Duke, 783
S.W.2d 209, 209 (Tex. 1990); Central Educ. Agency v. Burke, 711 S.W.2d
7, 9 (Tex. 1986).





[2]           To
elude the unassigned error constraint with regard to a no-evidence motion for
summary judgment, an appeals court might take the position that the motion=s failure to fulfill the specificity requirements for
such a motion transforms it into a traditional motion and then reverse it for
its failure to sustain the higher standard of proof applicable thereto.